MARION C. HENSHAW *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   November 10, 1915. — January 24, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Railroad, Employer's liability.

In an action by a freight brakeman against the railroad corporation by which he was employed for personal injuries sustained in the course of his employment after St. 1911, c. 751, Part II, § 1, took effect and when the defendant was not a subscriber under the workmen's compensation act, there was evidence that

it was the plaintiff's duty to turn a certain switch and after having done so to jump upon an engine as it passed and thus to be carried to another switch that he was to turn, that the defendant's servant in charge of the engine knew that someone must turn the switch and also that this person was expected to get upon the engine as it passed the switch-stand, that the plaintiff turned the switch and when the engine was twenty yards away gave the proper signal to slacken speed, but that the person in charge of the engine paid no attention to this signal and the engine continued to approach the plaintiff at an unusual and excessive rate of speed, so that when the plaintiff jumped on the footboard of the engine as it passed he was thrown against the cross beam and was injured. *Held,* that there was evidence for the jury of negligence on the part of the defendant.

CARROLL, J.   The plaintiff, a freight brakeman in the employ of the defendant, was injured December 1, 1913, at Newburyport, Massachusetts.   Standing at a switch-stand he turned the switch and a car "kicked" by the engine passed to an adjacent track. He then set the switch back, and the engine continued along the track from which the car had been diverted.   As the engine approached the switch-stand, the plaintiff jumped on the footboard, was thrown against the cross-beam and injured.   In jumping upon the moving locomotive he was in the line of his duty.   He was to be carried to another switch-stand some distance away. The one in charge of the engine knew that the plaintiff was to jump upon it at this point, and the jury could find that the plaintiff gave the proper signal to slow down while twenty yards away, but that no attention was paid to this signal and the engine continued to approach him at an unusual and excessive rate of speed; that the one in charge of the locomotive was negligent in failing to see or to pay any attention to the slow down signal and to lessen the speed at a point where the plaintiff was expected to jump upon the moving engine.

In the Superior Court it was contended that the plaintiff was an employee of a carrier engaged in interstate commerce, and therefore his remedy was under the federal employers' liability law of April 22, 1908.   The defendant now waives this contention and the case is in this court upon the defendant's exception to the refusal of the judge * to direct a verdict for it.

The question of the defendant's negligence was plainly a question of fact.   The engineer knew that someone must turn the

---

* *Lawton,* J.   The jury returned a verdict for the plaintiff in the sum of $3,331.

switch. He also knew that this person was expected to get upon the engine as it passed the switch-stand. It was his duty to be on the lookout for the signal and to govern himself accordingly. If he failed to see the plaintiff or to control the speed, so as to permit the plaintiff to get upon the engine, he could be found to have been careless. *Pope* v. *Heywood Brothers & Wakefield Co.* 221 Mass. 143.

The defendant was not a subscriber under St. 1911, c. 751. So the only questions before the jury were in regard to the defendant's negligence and the amount of damages the plaintiff was entitled to recover. Under the facts disclosed in the case at bar, even if the plaintiff's conduct was material, he is entitled to recover. See *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537; *McCarthy* v. *Morse*, 197 Mass. 332, 336.

*Exceptions overruled.*

*A. R. Tisdale*, for the defendant, submitted a brief.
*G. L. Dillaway*, for the plaintiff.