STORNELLI *v*. DULUTH, SOUTH SHORE & ATLANTIC
RAILWAY CO.

1. MASTER AND SERVANT—PERSONAL INJURIES—SCOPE OF EMPLOY-
   MENT—COURSE OF EMPLOYMENT.
   > Where plaintiff was hired by a railroad company, about a
   > year before he was injured, to work as a hostler's helper,
   > and the evidence showed he was to work in and around
   > the roundhouse and assist the hostler in the discharge of
   > his duties, which did not require him to go out on the
   > main line or ride upon the engines, he could not recover
   > for injuries that he sustained in jumping from a moving
   > train and catching his foot in a frog. He was not injured
   > in the course of his employment, although the engineer
   > may have invited plaintiff to ride. Nor did he alight
   > under orders because he saw the engineer motion to him
   > to get off. The invitation was outside of the scope of the
   > engineer's authority.[1]

2. SAME—INVITATION TO RIDE—SCOPE OF AUTHORITY.
   > Where it was not within the scope of authority of the
   > engineer to invite him to ride, and, where there was no
   > evidence that plaintiff was ordered to jump from the
   > moving train, and only a scintilla of evidence that he was
   > invited to ride on it, the defendant railway corporation
   > could not be held responsible, in a case for negligent
   > injuries against a company that did not come under the
   > compensation act.

3. SAME—NEGLIGENCE—BURDEN OF PROOF.
   > The burden rested upon the plaintiff, in order to recover,
   > to show negligence, although the workmen's compensation
   > act deprives the employer of other defenses. 2 Comp.
   > Laws 1915, § 5423 *et seq*.

Error to Chippewa; O'Brien, J., presiding. Sub-
mitted October 19, 1916. (Docket No. 77.) Decided
December 21, 1916.

---

[1] As to application and effect of the workmen's compensation
act generally, see note in L. R. A. 1916A, 23.

Case by Antonio Stornelli against the Duluth, South Shore & Atlantic Railway Company for personal injuries. Judgment for defendant, *non obstante veredicto*. Plaintiff brings error. Affirmed.

*McDonald & Kaltz*, for appellant.

*Warner & Sullivan (A. E. Miller*, of counsel), for appellee.

STONE, C. J.   Action on the case to recover damages for personal injury of plaintiff. The plaintiff, a hostler's helper in defendant's roundhouse at Sault Ste. Marie, on September 30, 1914, at about 2 p. m., left his usual place of work at the roundhouse, climbed on the rear end of the tender of an engine hauling an excursion train to the Chippewa county fair as it passed the roundhouse, rode between the tender and the mail car out to the fair, where the train remained a few minutes, then got into the cab with the engineer and fireman, and on the return trip, while the train was slowing down, opposite the roundhouse, he jumped from the engine to the ground, caught his foot in a switch stand lever, and thus sustained the injury complained of. The plaintiff had been working for the defendant about a year. His duties were to work in and around the roundhouse, and to help the hostler generally. There was no evidence that he had ever been called upon to perform any duty on engines while on the main line, or to get on or off moving trains. On the trip in question he was not asked to, and did not perform any duty or service while on the engine. It was, and is, the claim of the plaintiff that he boarded the engine in response to what he thought was a request, by a motion of the hand, and by word of mouth from the engineer, supposing there was something the engineer wanted him to do; that on the return trip the engineer promised

to "let him off" at the roundhouse, and while slowing down motioned him to get off, which he attempted to do while the train was moving at about 10 miles an hour; and that he had never had any instructions as to the proper way of getting off a moving train or engine. A careful reading of the record satisfies us that the claim and testimony of the plaintiff, not only find no support in the testimony of the other witnesses in the case, but are contradicted by the other witnesses. It clearly appears that, just before leaving the roundhouse, plaintiff said he was going to "take a look at the fair."

At the close of the testimony the defendant moved the court to direct a verdict for the defendant on the grounds:

(1) That no actionable negligence of the defendant had been shown.

(2) Because it appeared from the testimony that the plaintiff was injured while taking a trip for his own pleasure, or business, outside of the line of his employment, that he was not injured in the course of his employment, and that his own negligence in jumping from a moving engine contributed to his injury, or was the direct cause of it, and that his own contributory negligence barred his recovery.

This motion was argued and taken under advisement, and the trial court submitted the case to the jury, reserving its decision upon defendant's said motion, and the jury rendered a verdict for the plaintiff for $2,500. Later, and after further argument of defendant's motion to direct a verdict, the court granted the motion, and directed a judgment to be entered for the defendant notwithstanding the verdict of the jury, which was done accordingly. The plaintiff has brought error.

All of the assignments of error relate to the ruling of the trial court in granting defendant's motion for a directed verdict, after the jury had returned a ver-

dict for the plaintiff, and the real issue presented is: Did the trial court err in ordering judgment entered for defendant, contrary to the verdict of the jury? In the discussion of the issue, counsel for plaintiff does not attempt to reconcile the conflict of testimony, but bases his case upon plaintiff's testimony, viewed in its most favorable aspect, and invokes the rule ordinarily applied. On the other hand, it was urged by counsel for defendant upon the argument of the motion, and is urged here, that the purpose of Act No. 217, Pub. Acts 1915, 3 Comp. Laws 1915, § 14568, being to prevent the necessity of the retrial of cases, and to avoid needless litigation, it would be absurd to hold that the court could not grant this motion, based upon lack of sufficient evidence to sustain a verdict, when upon a motion for a new trial upon the same ground the trial court would feel obliged to set aside a verdict. Counsel for defendant say:

"In the orderly course of procedure under the Empson act, if the circuit judge grants defendant's motion after verdict (as in this case), there would seem to be no time or place for a consideration of the evidence, and its weight and effect, either by the trial or appellate court, and a party must be deprived of the right to a review of the evidence as upon a motion for a new trial, unless such review and determination are permissible under the Empson act."

The learned circuit judge appears to have sustained this view of the practice. In the course of his opinion on the motion to direct a verdict he said:

"The plaintiff was hired by defendant about a year before his injuries to work as a 'hostler's' helper. The evidence in regard to his duties showed that he was to work in and around the roundhouse and assist the hostler in the discharge of his duties. He was not required to go out on the main line, or to go upon or ride upon the engines. While it is true that the evidence showed that on one occasion the plaintiff walked

along the main line to the station on some errand or another, there is no evidence, there is absolutely no evidence, that he was ever called upon to perform any duty on any engine while on the main line. There is no evidence that his duties ever required him to get on or off moving trains. On the 30th of September, 1914, the plaintiff, having finished some work he was doing inside the roundhouse, was standing in the front doorway of the roundhouse, and according to the plaintiff's claim the engineer operating the so-called 'Fair' train, running from the defendant's station in the city of Sault Ste. Marie to the fair grounds in that city, called and motioned to plaintiff to get on the engine, and that in pursuance of that invitation he boarded the train and rode out to the fair ground; that he then came down into the cab of the engine and had some conversation with the engineer about the fair, and was then asked by the engineer whether he (plaintiff) wanted to get off the engine at the station or at the roundhouse; that plaintiff replied that he wanted to get off at the roundhouse, and the engineer said he would 'let' him off at the roundhouse. Plaintiff rode back in the cab until the engine reached a point opposite to the roundhouse, when the engineer motioned him to get off, and at the same time set the brakes and the train slowed up. Plaintiff then got down onto the gangway of the engine, and without waiting for the train to stop got off the moving engine, and was seriously injured. Plaintiff claims that the circumstances under which he was motioned by the engineer to get off the engine fairly indicated to him that the engineer did not intend to stop the train, and that plaintiff was expected to get off the engine while it was still in motion, or, at least, that the subject was a question for the jury, and that the jury had a right to find that the actions and conduct of the engineer amounted to negligence, for which the defendant is responsible. Plaintiff claims he was rightly on the engine in the course of his employment, and that he was expected or required to get off the moving engine, and as the safe or proper method of getting off a moving engine was not known to him, and would not be apparent to a person of his knowledge and experience, that he was therefore entitled to warning of the

dangers thereof, and to an instruction as to the safe or proper method of getting off a moving engine. Now, the defendant claims that the plaintiff went upon the engine on the day in question to take a ride out to the fair grounds for his own pleasure and convenience. Defendant claims that the hostler told him not to go, but he persisted in going against the orders of his superior. The evidence of defendant's witnesses was to the effect that the engineer, who was on the offside of the engine from the roundhouse, did not invite and could not have invited the plaintiff to get on the engine. The fireman testified that, when the engine was passing the roundhouse, he gave the plaintiff the so-called 'high ball' sign, not as an invitation to board the engine, but simply as a mere salutation. While it may have been a question for the jury as to whether the plaintiff was on the engine in the course of his employment, as he claims, or for his own pleasure and convenience, as defendant claims, I am inclined to think that the finding by the jury in favor of the plaintiff on the proposition is supported only by a mere scintilla of the evidence. When we consider the hostler's testimony, the improbability, if not the impossibility, of the engineer having signaled the plaintiff from the other side of the engine, the fact that the engineer denied giving any such signal or invitation to plaintiff, the fireman's testimony as to the 'high ball' signal intended only as a friendly salute, the fact that plaintiff did not get on the engine, the fact that the engineer did not stop for him to get on, the fact that plaintiff was not asked to and did not perform any duty or service while on the engine, all of these facts and other circumstances uphold the theory of the defendant that the plaintiff boarded the train for the purpose of taking a look at the fair grounds, and not to perform any services in the course of his employment. A verdict to the contrary is not merely against the overwhelming weight of the evidence, but can scarcely be said to be supported by any substantial evidence. Nor do I think that there is any evidence to show that plaintiff was ever required or expected, under the duties or scope of his employment, to get on or off moving engines. I am inclined to agree with counsel for plaintiff that if the evidence, fairly consid-

ered, tended in any way to show that plaintiff, as a 'hostler's helper,' was ever required or expected to get on or off a moving engine, there would be a duty to warn and instruct, and in reaching that conclusion I am not overlooking the evidence of defendant that no such instruction as to how to get off moving engines in safety was ever given to any of its employees. But in this case the evidence is conclusive that the duties of plaintiff's employment did not require the plaintiff to get on or off a moving engine, and the defendant was not bound reasonably to anticipate that he would attempt to do so. Nor is there any evidence of any negligence on the part of the engineer. He told plaintiff that he would let him off at the roundhouse, and plaintiff could have waited, if he saw fit to do so, until the engine stopped. The circumstances do not show that the engineer peremptorily ordered him to get off the engine while it was in motion. True, the motion to get off was made by the engineer while the engine was in motion, but the plaintiff decided for himself when and where he would jump from the engine. The injury to plaintiff was therefore the result of a pure accident, for whom no one is responsible, or resulted from his own voluntary act in jumping from the engine while it was in motion. Taking the case as a whole, I am convinced that under the undisputed evidence the plaintiff is not entitled to recover. No negligence on the part of the defendant has been established. Therefore the motion to direct a verdict in favor of the defendant should have been granted. Judgment is therefore ordered in accordance with this decision, in favor of the defendant, notwithstanding the verdict."

In our opinion, by the undisputed evidence, the plaintiff was not injured in the course of his employment. The cases cited by plaintiff are readily distinguished. Neither was there any evidence of negligence on the part of defendant. There was no evidence that plaintiff was ordered to get off the moving engine. That any invitation was given by the engineer to get on the engine was negatived by the great weight of the evidence. But, if any such invitation was given, such

invitation was outside the scope of the engineer's authority. *Keating* v. *Railroad Co.,* 97 Mich. 154 (56 N. W. 346, 37 Am. St. Rep. 328) ; *Schulwitz* v. *Lumber Co.,* 126 Mich. 559 (85 N. W. 1075) ; *Mahler* v. *Stott,* 129 Mich. 614 (89 N. W. 340).

The defendant had not at the time of the injury come under the workmen's compensation law, and therefore the defense that plaintiff was negligent (unless such negligence was wilful) is not available to defendant. *Freeman* v. *Railroad Co.,* 191 Mich. 529 (158 N. W. 204). In *Lydman* v. *De Haas,* 185 Mich. 128 (151 N. W. 718), we held that, while Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5423 *et seq.*), deprives the employer who has not elected to be governed by the provisions of the law, of the defenses of contributory negligence (unless wilful), assumption of risk, and that the injury was caused by the negligence of a fellow employee, yet, in order that a plaintiff may recover, it is necessary to show that the defendant was chargeable with negligence.

This burden was not sustained by the plaintiff in the instant case, and for that reason, and because the verdict of the jury was against the great weight of the evidence, we are of opinion that the trial court did not err in its disposition of the case, and the judgment below is affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.