GEORGE R. GAYTON *vs.* SAM BORSOFSKY.

Middlesex.　March 25, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability.

At the trial of an action for personal injuries received by a boy twelve years of age while in the employ of the defendant, who was not a subscriber under the workmen's compensation act, there was evidence that the plaintiff was acting as a helper on a pedler's wagon driven by the defendant, and, under his direction, was sitting on a box in the middle of the wagon which rested on bags filled with potatoes, his duty being to see that goods did not fall from the wagon and that children did not steal them; that the plaintiff's foot rested on a board where the floor projected from the side of the wagon; that the defendant started the wagon without giving the plaintiff a customary warning, and that the plaintiff's foot was jerked off the board and caught in the moving wheel. *Held,* that a verdict for the plaintiff was warranted.

TORT for personal injuries received when the plaintiff, twelve years of age, was upon a pedler's wagon of the defendant and in his employ, and caused by alleged negligence of the defendant in starting the wagon.　Writ dated November 9, 1916.

In the Superior Court the action was tried before *Lawton,* J. The material evidence is described in the opinion.　At the close of the evidence the defendant moved that a verdict be ordered for him.　The motion was denied and there was a verdict for the plaintiff in the sum of $150.　The defendant alleged exceptions.

*S. Sigilman & W. P. Murray,* for the defendant, submitted a brief.

*E. H. Savary,* for the plaintiff.

DE COURCY, J.　After a verdict for the plaintiff we must assume that the jury believed the testimony most favorable to him; and on the evidence they could find the following facts: The plaintiff, a boy of twelve years, was employed by the defendant as a helper on his pedler's wagon, and was injured on the first day of his employment.　Across the rear end of the open wagon was a box containing fish, at the front end were barrels of apples and boxes of vegetables, and in the middle were bags filled with potatoes.　At the time of the accident the plaintiff, as directed by the defendant,

was sitting on the end of a box in the middle of the wagon, in order to see that the goods did not fall off, and that children did not steal them. This box rested on a partly filled potato bag, and the plaintiff's right foot rested on the "deckboard," where the floor projected from the side of the wagon. The defendant unexpectedly started up the horse, without giving the plaintiff the customary warning; and the boy's foot was jerked out and caught in the revolving wheel.

No question of pleading arises. As the defendant was not insured under the workmen's compensation act, he cannot avail himself of contributory negligence or assumption of risk on the part of the plaintiff. St. 1911, c. 751, Part I, § 1. *Bernabeo* v. *Kaulback*, 226 Mass. 128.

The only issue on liability was that of the defendant's negligence; and on that the plaintiff was rightly permitted to go to the jury. *Moloney* v. *Pemberton Co.* 219 Mass. 460. See *Kean* v. *New York Central & Hudson River Railroad*, 210 Mass. 449; *Keating* v. *Hewatt*, 212 Mass. 577.

*Exceptions overruled.*