**REDMOND v. AMERICAN RY. EXPRESS CO.**

(Circuit Court of Appeals, First Circuit. February 19, 1927.)

No. 2078.

**I. Master and servant ⬡⟹356—Noninsuring employer is subject to stringent rules of liability under Massachusetts Compensation Law (Workmen's Compensation Act Mass.).**

Workmen's Compensation Act Mass. (Gen. Laws Mass. c. 152, §§ 1–75), was intended to subject the noninsuring employer to very stringent rules of liability.

**2. Master and servant ⬡⟹356—Negligence of fellow servant is not defense available to noninsuring employer, though sole cause of injury (Workmen's Compensation Act Mass. § 66).**

Under Workmen's Compensation Act Mass. (Gen. Laws Mass. c. 152) § 66, negligence of fellow employee or fellow servant is not defense, available to noninsuring employer, even though sole cause of injury.

17 F.(2d)—48

**3. Master and servant ⬡⟹356—Instructions on employee's right to recover of noninsuring employer, irrespective of contributory negligence or negligence of fellow servant, held inadequate (Workmen's Compensation Act Mass.).**

In employee's action for injuries against employer, not insured under Workmen's Compensation Act Mass. (Gen. Laws Mass. c. 152, §§ 1–75), instructions as to plaintiff's right to recover if injury was caused by negligence of employer, irrespective of contributory negligence of fellow servant or assumption of risk, held inaccurate and inadequate.

**4. Master and servant ⬡⟹291(4)—Refusal of instruction on noninsuring employer's liability for injuries, if caused by foreman requiring use of truck too small for load, held error (Workmen's Compensation Act Mass.).**

In employee's action for injuries against noninsuring employer (Workmen's Compensation Act Mass. [Gen. Laws Mass. c. 152] §§ 1–75), refusal of requested instruction bearing on defendant's liability, if plaintiff was required by foreman to use a truck too small for the load put on it, *held* error.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by David J. Redmond against the American Railway Express Company, in which Nellie E. Redmond, administratrix, was substituted as party plaintiff. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

John J. Cummings, of Boston, Mass., for plaintiff in error.

Austin M. Pinkham, of Boston, Mass., for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This action of tort was brought in the superior court for Suffolk county on December 16, 1920, by the plaintiff's decedent, David J. Redmond, an employee of the defendant, to recover for personal injuries alleged to have been caused Redmond by the defendant's negligence in furnishing him with an improper and unsafe tool and appliance with which to work. The defendant removed the case to the court below.

Redmond was formerly a policeman. There was evidence that he was a large well-muscled, and apparently healthy man, about 40 years old.

In April, 1920, he was at work nights for the defendant at the South Station. Between 3 and 4 o'clock in the morning of April 10, 1920, he went home, and complained

to his wife and sister-in-law that he had been pushing a truck, which was too small for the safe that was upon it and was improperly oiled; that he used all his weight to push it; that it stopped suddenly; that the safe fell back and struck him in his side; that he felt something snap in his side; that he was unable to go on with his work; that he went to the first-aid room, and, after a little, tried to resume work, but could not. "He said his side was terribly sore, and he found it hard to breathe." His appearance indicated suffering and weakness. He also said that the truck had been discarded by the other men as out of order, but that the foreman told him to use it, because they were in a hurry to get the safe to the train.

There was evidence of similar statements made by him to his sister-in-law and to some of his former associates on the police force, all admitted under Gen. Laws Mass. c. 233, § 65.

The defendant introduced a report, signed by Redmond at the time when he went to the first-aid room, to the effect that he "was trying to push a heavy safe along the floor in the money department, the truck pushing hard, and something gave way in my left side, so that I was not able to move the safe."

There was undisputed evidence that shortly thereafter Redmond was found to be seriously ill with tuberculosis and heart disease; that he went to various hospitals, including the hospital for tuberculosis sufferers at Rutland, Mass.; and that he died on January 10, 1921.

There was conflicting evidence as to whether his injury was an adequate cause for tuberculosis and heart disease, and also as to whether (assuming that prior to the accident he had either or both of these diseases) his condition would be aggravated by such an injury as it was claimed that he had suffered.

In behalf of the defendant, one Dunphy testified that he had charge of oiling the trucks in the daytime; that he oiled about 75 trucks a day and marked them as he oiled them.

As the defendant was not insured under the Massachusetts Workmen's Compensation Act (Gen. Laws Mass. c. 152), it is conceded that section 66 of that chapter is here applicable. That section reads:

"Section 66. In an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense—

"1. That the employee was negligent;

"2. That the injury was caused by the negligence of a fellow employee;

"3. That the employee had assumed the risk of the injury."

The verdict of the jury was for the defendant. The case comes here on 12 assignments of error, all challenging the accuracy and adequacy of the court's charge to the jury.

The plaintiff's first assignment of error is as follows:

"(1) The court erred in refusing to give the jury the instructions numbered 2, 3, 4, 5, 6, 7, 10, 12, 13, and 14, which were requested by the plaintiff and in giving only in part, and as appears in his charge the instructions 8, 9, and 11 as requested by the plaintiff; all of the instructions above referred to, and all of the charge which was material, being a part of the plaintiff's bill of exceptions, which has been duly allowed and is part of the record of this action."

We need not deal with requests 12, 13, and 14, for they relate only to damages. The other requests refused or given or only in part are as follows:

"(2) The only question for the jury is whether the defendant or any of its agents or servants were guilty of negligence.

"(3) If the jury believes that the truck which the plaintiff's intestate used at the time he claims to have met with his injury was defective by reason of lack of oiling, and if the jury believes said condition caused the injury to the plaintiff's intestate, the plaintiff is entitled to recover.

"(4) If the jury believes that the truck which the plaintiff's intestate used at the time he claims to have met with his injury was defective by reason of lack of oiling, and if the jury believes said condition caused the injury to the plaintiff's intestate, this is evidence tending to prove negligence.

"(5) If the jury believes that the plaintiff's intestate met with an injury while using a truck which was too small for the load which was upon it at the time he claims to have met with his injury, and if the jury believes that his injury was caused by said truck being too small, the plaintiff is entitled to recover.

"(6) If the jury believes that the plaintiff's intestate met with an injury while using a truck which was too small for the load which was upon it at the time he claims to have met with his injury, and if the jury believes that his injury was caused by said truck being too small, this is evidence tending to prove negligence.

"(7) If the jury believes that the truck

was defective by reason of not being oiled, and that its condition was the cause of an injury to the plaintiff, the plaintiff is entitled to recover.

"(8) If the jury believes that the foreman of the defendant ordered the plaintiff's intestate to use a truck which was defective, or which was too small for the load upon it, and if they believe that the foreman was aware of either of these facts, the plaintiff is entitled to recover.

"(9) If the jury believes that the foreman of the defendant ordered the plaintiff's intestate to use a truck which was defective, or which was too small for the load upon it, and if they believe that the foreman was aware of either of these facts, this is evidence which would tend to establish negligence on the part of the defendant.

"(10) If the jury believes that the truck used by the plaintiff's intestate was not oiled, or was not sufficiently oiled or was too small for the load upon it, or if it believes that both of these conditions existed, this would be evidence that the truck was an unsafe or improper appliance or tool, and, if they so find, the plaintiff is entitled to recover.

"(11) The defendant, not having been insured under the Workman's Compensation Act, cannot avail itself of the defense that the plaintiff's intestate was negligent, or that he assumed the risk, or that the injury was caused by the negligence of a fellow employee; the defendant cannot avail itself of the defenses that the plaintiff was negligent, or that he assumed the risk of the injury caused by the negligence of a fellow employee."

"(15) If the jury find liability on the part of the defendant, and if they find that the plaintiff's intestate had no tuberculosis and no other serious physical disability prior to April 9, 1920, and that the tuberculosis condition and heart trouble developed thereafter, and was the result of the injury complained of, they are to assess damages on that basis."

The other 11 assignments of error, in general, repeat or emphasize the argued inadequacies and inaccuracies shown by the court's refusal to give the foregoing instructions, and need not now be set forth in detail.

The instructions on the questions of liability are, in substance, as follows:

The court stated that the underlying question was whether Redmond received an injury substantially as his wife and sister-in-law had testified; that, if his condition resulted merely from a strain, without any sudden stopping or indication that the truck was de-

fective, the verdict should be for the defendant; that the plaintiff must satisfy them by a fair preponderance of evidence, and not by conjecture and mere speculation, that the defendant was negligent. And further as follows:

"If you find, on the other hand, it was a defective truck, or an improper truck, and that the defect of this truck would have occasioned an accident, then you have still got to determine whether the condition as it existed in such a case was due to the negligence of the defendant.

"The defendant, as an employer, of course, is charged with certain duties respecting his employees at common law, apart from any statute, and among those duties is the duty to use reasonable—just reasonable—diligence and care in providing proper and safe tools and implements to be used in the employment.

"If the imperfection in this truck was simply due to lack of oil, you may or may not find that condition was due to the negligence of the defendant. If you find that the defendant supplied a sufficient number of proper trucks in a state of good condition, suitable for the purpose for which they were to be used, and this plaintiff's intestate picked out an imperfect one, knowing that it was imperfect, and notwithstanding persisted to use it, then it was his negligence, and not the negligence of the employer, and the employer, the defendant here, would not be liable in such a case. I am not saying that the defendant escapes liability if the plaintiff was negligent, and the negligence contributed to the act. By reason of the statutes now existing the defendant cannot set up the defense of contributory negligence. If there was some negligence on the part of the plaintiff, and some negligence on the part of the defendant, the defendant would still be liable, even though the negligence of the plaintiff contributed to the injury. But what I am trying to convey to you, gentlemen, is this: That, if the negligence was that of the plaintiff entirely, then the defendant would not be liable because the plaintiff has shown no negligence on the part of the defendant, and the defendant's duty is to provide a sufficient number of trucks which are reasonably suitable. They do not have to be perfect in all respects, and it does not follow that they would have to be always oiled. It might happen that the situation might arise where it would be the duty quite as much of the plaintiff, Redmond, to see that it was oiled as the employer.

"You have got to satisfy yourselves again

upon all the evidence whether the defendant failed in the performance of any duty which a reasonable man should perform under the duty of providing tools reasonably suitable for the purpose, and in determining what is reasonable conduct on the part of the employer, in a case like this, you have a right to apply your own experiences, your own judgment, your own observations, and out of all these reservoirs of knowledge you are to determine whether the care and diligence which the defendant exercised in respect to this employee was that of a reasonable man.

"The plaintiff has through the testimony of Mrs. Redmond, at least, testified that the truck which was used had been, I might say, discarded, but you will remember her testimony. That is the purport of it, at least, that it had been found unfit; that it was known to the superintendent that it was unfit; that Redmond refused to use it, and the foreman, Herrick, I think was his name, compelled Redmond against his wishes to use this improper and defective tool. You will be able probably to recall whether that testimony is corroborated by any other witness.

"The defendant puts on the stand Mr. Herrick, who testifies that he did not order Redmond to use any particular truck; he didn't have anything to do with picking out the truck. You have got to weigh, you should weigh, fairly and impartially, all the evidence on the one side and on the other side, and if you find that this truck was not proper, was imperfect or defective, or improper for the use, that it was known to the superintendent to be defective or improper, and notwithstanding that he compelled or ordered or directed Redmond to use it against Redmond's own wish, then you may find on such evidence such a state of facts as would justify you in finding—I do not say you will have to find, because it is a question of fact for you ultimately to determine, but you may find—from such evidence that the defendant was negligent, and, if the defendant was negligent, then, of course, in this case there is liability."

And, after instructing the jury that the plaintiff could not recover under the Massachusetts Employers' Liability Act, the court continued:

"I want to make this entirely clear to you that, if the defendant failed to furnish suitable tools and appliances, and it knew or as a reasonable employer ought to have known that the tools were defective, then the employer has failed in his duty, and you may find him liable for the damages that result from the injuries occasioned by reason of the negligence. You may find that the oiling of the wheels of an ordinary hand truck was such a transitory matter that the employer might reasonably be expected to depend upon the employee to observe such necessity and attend to it. I think I have substantially said that before—that the failure of the wheels to go round because of lack of oil would not necessarily constitute a defect of the truck for which the employer could be held responsible. The most that could be said would be that it would be some evidence, coupled with other evidence. Of course, if it were known that the wheel was not oiled, that by reason of lack of oil it was frozen, we might say, so that it wouldn't work properly, and became really an improper tool to use, and was known by the superintendent to be in that condition, and the defendant ordered this man to use it, of course the fact that there was no oil would be considered by you as some negligence on the part of the defendant, but would not be by any means conclusive.

"I think I have covered this request, but to make sure I will give it again. You should find for the defendant unless you find that the approximate cause of the plaintiff's injuries was the negligence of the defendant. If the defendant [plaintiff?] has left it as a matter of conjecture as to exactly how the accident occurred, you should find for the defendant. If the cause of the alleged stopping of the truck was left as a matter of conjecture, you should find for the defendant."

The questions for this court are whether, in the light of the requests made, so far as those requests embody sound and applicable propositions of law, the instructions given were accurate and adequate.

[1, 2] It is manifest that the Massachusetts Workmen's Compensation Act, like other elective Compensation Acts, was intended to subject the noninsuring employer to very stringent rules of liability. Compare Schneider Workmen's Compensation Law, § 13. Contributory negligence does not bar, or even cut down, the damages recoverable as under a rule in force in some states. 29 Cyc. p. 510; Southern Railway Co. v. Pugh, 97 Tenn. 624, 37 S. W. 555; Rice v. Crescent City R. Co., 51 La. Ann. 108, 24 So. 791. The abolition of the fellow-servant doctrine is couched in the broadest language; that "it shall not be a defense" that "the injury was caused by the negligence of a fellow employee." This covers cases where such negligence is the sole cause. Negligence of a fellow employee is, for present purposes, made

the negligence of the employer himself. "The plaintiff is entitled to recover if he can trace his injury to the negligence of his employer or that of any of his fellow servants acting within the scope of his employment as a proximate cause." Bernabeo v. Kaulback, 226 Mass. 128, 130, 115 N. E. 279, 280. Compare Pope v Heywood Bros., 221 Mass. 143, 108 N. E. 1058.

Under this comparatively modern doctrine, the approach to an industrial accident suffered by the employee of a noninsured employer is radically different from that to which courts and lawyers, and to some degree jurors, have long been accustomed.

[3] On careful consideration of the charge, set forth above practically in its entirety, we cannot avoid the conclusion that the jury were not adequately instructed as to the grounds on which this defendant might, under the statute, supra, be held responsible for any accident suffered by its employees in the course of their employment.

The plaintiff urges with force that, while the court granted the eleventh request, supra, the effect of this instruction was negatived (or at any rate greatly modified) by other parts of the charge. The plaintiff argues persuasively that the following instructions:

"If the imperfection in this truck was simply due to a lack of oil, you may or may not find that condition was due to the negligence of the defendant. If you find that the defendant supplied a sufficient number of proper trucks in a state of good condition, suitable for the purpose for which they were to be used, and this plaintiff's intestate picked out an imperfect one, knowing that it was imperfect, and notwithstanding persisted to use it, then it was his negligence and not the negligence of the employer, and the employer, the defendant here, would not be liable in such a case,"

—amounted to cutting off the plaintiff's right to recover if he was guilty of contributory negligence or had assumed the risk, and (it might be added) if the lack of oil was due to the negligence of a fellow employee.

We find nothing in the record indicating that the defendant supplied oil for the use of the plaintiff and other users of the trucks, or that there was any warrant for the court's instruction (which was repeated) that, even if there was lack of oiling, the jury might find that it was as much the duty of Redmond as of the employer, or of Redmond's fellow employee, to deal with that lack of oiling. But the duty of care in maintaining the trucks in proper condition was the same as the duty of care in furnishing safe and fit trucks. Nowhere in the charge is there any adequate instruction as to the plaintiff's right to recover if the lack of oiling was due to the negligence of Dunphy, the defendant's own witness, who testified to the effect that he had general charge of the oiling of the trucks. But there is and can be no dispute that under the law the only question for the jury (apart from damages) was the defendant's negligence, which, as already indicated, would also include the negligence of Dunphy, a fellow employee. Compare Henshaw v. Boston & Maine R. R., 222 Mass. 459, 461, 111 N. E. 172; Gayton v. Borsofsky, 230 Mass. 369, 370, 119 N. E. 831; Schlehuber v. American Express Co., 230 Mass. 347, 349, 119 N. E. 828. The instructions given were both inaccurate and inadequate.

[4] The court expressly refused plaintiff's request to give those parts of the plaintiff's eighth and ninth requests bearing on liability if the plaintiff was required by the foreman to use a truck too small for the load then put upon it. There was testimony making instructions on that kind of arguable inadequacy of the appliance furnished appropriate. The plaintiff's ninth request was as follows:

"If the jury believes that the foreman of the defendant ordered the plaintiff's intestate to use a truck which was defective, or which was too small for the load upon it, and if they believe that the foreman was aware of either of these facts, this is evidence which would tend to establish negligence on the part of the defendant."

We think this request should have been granted; we cannot say that its refusal was not prejudicial error.

Further analysis and comparison of the requests and the instructions given are unnecessary for present purposes.

Stating our conclusions as a generalization, we think the court below had not adequately freed his mind from the rules and limitations formerly controlling liability in master and servant cases.

The plaintiff is entitled to a new trial.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the plaintiff in error recovers costs in this court.

JOHNSON, Circuit Judge, concurs in the result.