STEVENSON, Respondent, v. DOUROS, Appellant.

(235 N. W. 707.)

(File No. 6993. Opinion filed March 30, 1931.)

*Morgan & Eastman* and *David M. Rogers,* all of Mitchell, for Appellant.

*Fellows, Fellows & Whiting,* of Mitchell, for Respondent.

CAMPBELL, J. Defendant employed plaintiff as a cook in his cafe and restaurant. Neither defendant nor plaintiff had served

the notice contemplated by section 9438, R. C. 1919, to exempt themselves from the operation of the Workmen's Compensation Law. Defendant, however, had failed and neglected to provide the insurance required by the Workmen's Compensation Law. Plaintiff, while cooking in the restaurant, suffered a personal injury, and instituted the present action against the defendant to recover damages in the sum of $6,611. Defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and from an order overruling his said demurrer, he has now appealed.

It is admitted that the complaint does not allege any facts which at the common law or prior to the Workmen's Compensation Act would constitute any actionable fault on the part of appellant, and the sole question presented by this appeal may be thus stated: When an employee, in an employment falling within the ambit of the Workmen's Compensation Law, who has not exempted himself from the operation of the law, brings civil action for personal injury against the employer who has failed to provide insurance as required by the Workmen's Compensation Law, must the employee plead and prove actionable fault (as understood at the common law and prior to the Workmen's Compensation Law) on the part of the employer, or does he sufficiently establish his cause of action by pleading and proving merely that the injury arose out of and in the course of the employment.

Appellant maintains that pleading and proof of actionable fault on the part of the employer is necessary, while respondent contends otherwise. Respondent relies chiefly upon the North Dakota rule to the effect that a noncomplying employer is liable to an injured employee under such circumstances regardless of any question of fault. Fahler v. City of Minot, 49 N. D. 960, 194 N. W. 695; Moen v. Melin, 59 N. D. 582, 231 N. W. 283. A reading of those cases and a study of the North Dakota statutes will disclose that the Workmen's Compensation Law of North Dakota differs in many particulars from our own, and we do not believe that the rule of those decisions is applicable in this state.

The Workmen's Compensation Law of South Dakota, originating as chapter 376, Laws 1917, and carried forward into the Revised Code of South Dakota as sections 9436 to 9491, inclusive,

is, in common with similar laws in most states, what is known as an "elective" or as some of the cases phrase it "pseudo-elective" law.

By the terms of section 9437, R. C. 1919, every employer and employee, in employments to which the law is applicable, are presumed to have accepted the provisions of the law. By section 9438, R. C. 1919, a method is provided whereby any employer or any employee may, by giving the notice therein specified, exempt himself from the operation of the law. To encourage all employers and employees to accept the provisions of the law, it is provided by section 9444, R. C. 1919, that, if the employee elects to operate under the law and the employer elects not to operate under it, the employer shall not be permitted to defend in any action by the employee or his representatives to recover damages for personal injury or death upon the grounds of contributory negligence, negligence of fellow servant, or assumption of risk. And it is provided by section 9445 that, in any action by an employee who elects not to operate under the Compensation Law against an employer who has accepted the provisions of the law, the employer may avail himself of the defenses of contributory negligence, negligence of fellow servant, and assumption of risk, and all other defenses that would be available but for the Workmen's Compensation Law.

█ The nature, object, and purpose of Workmen's Compensation Acts no longer furnish any field for discussion. The Workmen's Compensation Law affords certain privileges otherwise non-existent, and imposes certain restrictions upon both the employer and the employee operating thereunder. The employee may recover, as he could not previously do, for all injuries arising out of and in the course of the employment, regardless of any actionable fault upon the part of the employer or upon the part of persons for whom the employer was compellable to answer at the common law on the theory of respondeat superior. On the other hand, the amount of recovery by the employee is fixed and limited in all cases by the compensation schedule. The employer, while being obliged to make payments for some injuries for which he would not have been compellable to pay at the common law, receives a correlative benefit in being protected in all cases from speculative verdicts at the hands of unfriendly juries, and need never pay more than the amounts prescribed in the compensation schedule.

Section 9482, R. C. 1919, provides as follows: "Every employer subject to the provisions of this article shall insure his liability thereunder in some corporation, association or organization approved by the commissioner of insurance of this state and, upon demand of the commissioner of insurance or the industrial commissioner, produce evidence of his compliance with this section. Any employer who refuses or neglects to comply with this section shall be liable, under sections 9436 to 9454, inclusive, in case of injury to any workman in his employ."

 This section has been before this court on several occasions, and it is the settled doctrine of this court that by virtue of that section an employer who fails to provide insurance is in the same situation as an employer who has elected, in the manner and form provided by section 9438, to exempt himself from the operation of the Workmen's Compensation Law. Richardson v. Farmers' Co-op. Union, 45 S. D. 357, 187 N. W. 632; Bower v. Nunemaker, 46 S. D. 607, 195 N. W. 506; Collins v. C., M. & St. P. Ry. Co., 49 S. D. 411, 207 N. W. 460.

 It follows, therefore, that an employer who has failed to provide insurance falls within the provisions of section 9444, R. C. 1919, hereinbefore referred to, and, in any action against him for damages by an injured employee, he will not be heard to interpose the defense of contributory negligence, negligence of fellow servant, or assumption of risk, but we think there is nothing whatever in the Workmen's Compensation Law which establishes, directly by any necessary implication, that a noninsuring or exempting employer is, in addition to being deprived of the three important defenses of contributory negligence, negligence of fellow servant, and assumption of risk, to be further penalized by being subjected to suit by his employee with no limitation whatever upon the amount of recovery (excepting the possibility of having a palpably excessive jury verdict reduced) without any pleading or proof of actionable fault on the part of the employer, or on the part of any one for whose acts and conduct the employer is legally responsible.

We think a noninsuring or exempting employer, with one exception, stands just as he did before the enactment of the Workmen's Compensation Law. The employee may recover if there has

been actionable fault on the part of the employer, or any one for whose fault the employer is legally responsible, and the amount of the recovery is not limited by the compensation schedule of the Workmen's Compensation Act. The only change in the situation is that, in an action by the employee for such recovery, the employer cannot assert the defenses of contributory negligence, negligence of fellow servant, or assumption of risk; but the employee is not relieved of the necessity of proving actionable fault.

In a proceeding where both employer and employee are admittedly operating under the Compensation Law, the employee need not establish actionable fault, and it is equally true that the existence of contributory negligence, negligence of fellow servant, or assumption of risk is no defense for the employer. The view advocated by respondent in this case would, in substance, leave both the employer and employee just where they are under the Compensation Act, except that it would penalize the noninsuring employer by taking away from him the protection of the limitations upon amount of recovery provided by the compensation schedule. To do this would be going utterly beyond the provisions of the law, and would also destroy the identity existing by virtue of the prior decisions of this court between the situation of a noninsuring employer and the situation of an exempting employer.

"The defendant had not at the time of the injury come under the Workmen's Compensation Law, and therefore the defense that plaintiff was negligent (unless such negligence was willful) is not available to defendant. Freeman v. Railroad Co., 191 Mich. 529, 158 N. W. 204. In Lydman v. De Haas, 185 Mich. 128, 151 N. W. 718, we held that, while Act No. 10, Pub. Acts 1912 [2 Comp. Laws 1915, § 5423 et seq.], deprives the employer who has not elected to be governed by the provisions of the law, of the defenses of contributory negligence (unless willful), assumption of risk, and that the injury was caused by the negligence of a fellow employee, yet, in order that a plaintiff may recover, it is necessary to show that the defendant was chargeable with negligence." Stornelli v. Duluth, etc., Ry. Co., 193 Mich. 674, 160 N. W. 415, 418.

"The defendant was not a subscriber under the Workmen's Compensation Act. The only question is whether there was evidence of negligence of the defendant.

"The Workmen's Compensation Act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from that statute would impose no liability upon him. Negligence is a breach of some legal obligation imposing the performance or omission of particular conduct. There can be no negligence where there is no duty." Mammott v. Worcester, etc., Ry. Co., 228 Mass. 282, 117 N. E. 336.

"The defendant was not a subscriber under St. 1911, c. 751, and the only question before the jury was the defendant's negligence and the amount of damage the plaintiff was entitled to recover." Henshaw v. Boston & M. R. R. Co., 222 Mass. 459, 111 N. E. 172, 173.

In a New York case where an employee brought action for damages for personal injury against an employer who had failed to provide the compensation insurance as required by the New York Workmen's Compensation Law, the court said:

"There is no allegation in the complaint that the injuries complained of were occasioned by any fault of the defendant. At common law the liability of the master for an injury to his servant while engaged in the master's work is based on the fault of the master, and without fault there was no liability (Ives v. South Buffalo R. Co., 201 N. Y. 272, 94 N. E. 431, 34 L. R. A. [N. S.] 162, Ann. Cas. 1912B, 156), and I do not think it was the intention of the Legislature to change the common law in this respect as to the alternative remedy by action provided for in said section 11. In the very preceding section, in prescribing liability for the compensation, it is provided that every employer shall pay or furnish compensation in accordance with the act 'without regard to fault as a cause of such injury'; and if it had been the intent to create an alternative remedy by action not based on the master's fault the Legislature would have so stated. In such an action they expressly destroy the defense of contributory negligence, negligence of a fellow servant, and assumed risk, and make it unnecessary for plaintiff to plead or prove freedom from contributory negligence so far as they change the common law, but no further." Lindebauer v. Weiner, 94 Misc. Rep. 612, 159 N. Y. S. 987, 989.

See, also, Watts v. Ohio, etc., Ry. Co., 78 W. Va. 144, 88 S. E. 659; Robbins v. Magoon, etc., Co., 193 Mich. 200, 159 N. W.

323; Crooks v. Tazewell Coal Co., 263 Ill. 343, 105 N. E. 132, Ann. Cas. 1915C, 304; Note L. R. A. 1916A, 23, particularly at pages 219 et seq.; Note L. R. A. 1917D, 80, at pages 90 et seq.; Note Ann. Cas. 1918B, 715, at pages 727 et seq.

The order appealed from is reversed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.