Dennis W. KEIL, Plaintiff and Appellee,

v.

Wesley NELSON and Harold Nelson,
Defendants and Appellants.

Nos. 14413, 14417.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1984.

Decided Sept. 12, 1984.

Charles A. Wolsky of Mormon, Smit, Shepard, Hughes & Wolsky, Sturgis, for plaintiff and appellee.

Robert A. Amundson of Amundson & Fuller, Lead, for defendants and appellants.

HENDERSON, Justice.

This civil appeal is brought by Wesley Nelson and Harold Nelson (appellants) from an adverse judgment of the Eighth Judicial Circuit Court rendered pursuant to the South Dakota Worker's Compensation statutes. We affirm in part, reverse in part, and remand.

## FACTS

Appellee Dennis W. Keil worked full time for appellants as a truck driver and farm laborer. On August 11, 1980, appellee was engaged by appellants to drive a commercial haul of sheep to Gillette, Wyoming. En route to this destination, appellee evidently fell asleep at the wheel. Appellants' 1960 Mack truck left the road, flew into the air some 75 feet, and crashed. Appellee was seriously injured and the truck was extensively damaged.

## PROCEDURAL HISTORY/ISSUES

Appellants did not provide worker's compensation insurance, claiming appellee was hired primarily as an exempt farm laborer. By summons and complaint, appellee brought suit requesting compensation for his injuries under worker's compensation laws. By way of answer, appellants raised defenses of contributory negligence and assumption of the risk. Appellants also counterclaimed for damages to their 18-wheeler truck.

Both parties filed proposed findings of fact and conclusions of law and objections thereto. The trial court issued its own findings and conclusions to the effect that appellee's trucking activities did fall within the purview of the worker's compensation laws, and that appellants were therefore barred from raising any affirmative defenses. Further, appellee was denied double damages for failure to prove fault on the part of his employer.

Appellants filed notice of appeal on November 14, 1983. Appellee raises the double damages issue by way of notice of review. The issues for disposition are: (I) Was appellee an agricultural worker and

therefore exempt from mandatory worker's compensation coverage pursuant to SDCL 62–3–15(2); (II) must appellee prove actual fault on appellants' behalf to recover double damages pursuant to SDCL 62–3–11 and are appellants entitled to assert affirmative defenses; and (III) was appellee guilty of "willful misconduct" within the meaning of SDCL 62–4–37 and therefore precluded from recovery under the worker's compensation act.

## I.

Appellants, at one time, owned and operated a trucking business known as Nelson Trucking. In 1974, they sold that business to NCO Trucking. Both Nelsons are shareholders and officers of NCO Trucking. Appellants own two 18-wheeler trucks. Though they have no authority from the Public Utilities Commission to operate a trucking business, they do haul commercially, usually as a fill-in, under the authority of NCO Trucking. However, since 1974, appellants' primary business has been farming. The two trucks are often used to haul appellants' livestock and produce. In fact, appellants claim that any commercial hauling is only incidental to their farm operations and merely helps to supplement that operation.

Appellee contends he sought work as a truck driver and was hired by appellants to drive commercial hauls. Because he wanted full-time work, appellants hired him also to supplement as a farm worker. Appellants contend appellee acted only occasionally as a truck driver. Also, they insist that because their business is primarily a farming enterprise, they should be exempt from the worker's compensation laws pursuant to SDCL 62–3–15(2) which exempts farm or agricultural laborers from coverage.

This situation clearly falls within a classic "gray area" for determining applicability of the worker's compensation laws. Here, we have farmers admittedly engaged in some commercial trucking. We also have an employee truck driver who admittedly works at times as a farm laborer.

■ It is the whole character of employment which must be looked to in determining whether an employee is a farm laborer. *Otto v. Hahn*, 209 Neb. 114, 306 N.W.2d 587 (1981). "The fact that the employer or employers are engaged in farming does not remove from the coverage of the statute other businesses or occupations carried on by the employer which are otherwise in the coverage of the statute." *Campos v. Tomoi*, 175 Neb. 555, 557, 122 N.W.2d 473, 475 (1963).

■ Occasional agricultural work outside of an employee's principal work did not change the character of employment to that of farm laborer in *Tucker v. Newman*, 217 Minn. 473, 14 N.W.2d 767 (1944). The rule is settled:

"A person may engage in different kinds of business, some of which are within the Workmen's Compensation Act and some of which are not. The employes [sic] who are employed in business within the act are, in virtue of such employment, within the coverage of the act. By the same token, those who are employed in a business not within the act are not covered."

*Id.*, 14 N.W.2d at 770 (citation omitted). The rule was also stated in *H.J. Heinz Co. v. Chavez*, 236 Ind. 400, 406, 140 N.E.2d 500, 504 (1957) that

although the character of the "employment" of an employee must be determined from the "whole character" of his employment and not upon the particular work he is performing at the time of his injury, nevertheless the coverage of an employee under the Act is dependent upon the character of the work he is hired to perform and not upon the nature and scope of his employer's business.

■ To get around this dilemma of dual employment in both a covered and an exempt business, the trial court found worker's compensation to attach whenever appellee was engaged in the covered enterprise. This cannot be. "Employees and employers do not dart in and out of coverage with every momentary change in activi-

ty." *Hawthorne v. Hawthorne,* 184 Neb. 372, 378, 167 N.W.2d 564, 567 (1969). For this reason, "[t]he great majority of decisions ... attempt to classify the overall nature of the claimant's duties, disregarding temporary departures from that class of duties even if the injury occurs during one of the departures." 1C Larson, *The Law of Workmen's Compensation* § 53.40 (1982). *See, e.g., Teschner v. Horan,* 118 R.I. 237, 373 A.2d 173 (1977).

Viewed in this light, the trial court's ultimate finding of liability under worker's compensation is not clearly erroneous. Appellants' insistence that because they no longer work as "Nelson Trucking" and no longer have authority from the Public Utilities Commission, they are not in the trucking business is without merit. Appellants admit that one can be in the trucking business without this authority. Further, Wayne Crabill, of NCO Trucking, testified that appellants' trucks were not leased by NCO and NCO had no authority over the trucks. Clearly, as the trial court found, this activity "was not [an] incidental or necessary adjunct to the farm and ranch operation but was [a] separate and special business." Finally, the trial court found, and correctly so, that "[i]t is the nature of this secondary, separate enterprise, which is determinative of the [applicability of the] workmen's compensation statute of an employee injured while engaged in that enterprise ...." *See Goodson v. L.W. Hult Produce Co.,* 97 Idaho 264, 543 P.2d 167 (1975).

Ultimately, then, the issue becomes a question of fact. Was appellee hired primarily as a trucker or as a farm laborer? To which area did he devote most of his time? There is direct, conflicting testimony on this issue. The trial court, having viewed the witnesses and observed their testimony, found that appellee was primarily involved in driving an 18-wheeler truck for commercial purposes. *State v. Minkel,* 89 S.D. 144, 230 N.W.2d 233 (1975). Upon reviewing the record, there appears to be no clear error in such a finding. *Vaughn v. Eggleston,* 334 N.W.2d 870

(S.D.1983). Appellee estimated the breakdown of his activities as follows: 75% was devoted to commercial hauling; 20% was spent hauling for appellants' personal use; only 5% of appellee's work time was devoted to actual farm labor. Appellants dispute this estimate, but provided no evidence to the contrary. Where the court has resolved conflicts in the evidence, this Court is not at liberty to change its findings. *Mulder v. Tague,* 85 S.D. 544, 186 N.W.2d 884 (1971).

Further, though appellee's checks were signed by appellants, from 1979 to 1982, appellee's W-2 forms were made out in the name of Nelson Trucking. Appellants contend that they were simply "filled out wrong." Appellants were requested by the State to pay, and did pay, unemployment insurance, despite the fact that this is not required for farm laborers. Finally, appellants' business tax forms distinguish farm income from trucking income and farm equipment from trucking equipment.

All of these facts point to the conclusion that appellants operated a secondary, albeit small, trucking business for which appellee was primarily employed. Appellee was injured in the pursuit of that employment. His employment is not exempt from worker's compensation. "[W]hen determining whether a workmen's compensation claimant is within the agricultural labor exclusion of the Act, any doubt as to claimant's status in a 'grey' or borderline case will be resolved in favor of compensation coverage and against exclusion as an agricultural laborer." *Miranda v. Southern Farm Bureau Cas. Ins. Co.,* 229 So.2d 232, 235 (Fla.1969). *See also, Goodson,* 543 P.2d 167 (exemptions construed narrowly, doubts resolved in favor of compensation); *South Dakota Medical Service v. Minnesota Mutual Fire & Cas. Co.,* 303 N.W.2d 358 (S.D.1981) (worker's compensation laws must be liberally construed to provide coverage).

II.

The trial court awarded damages as follows:

| | |
|---|---:|
| Hospital and medical expenses | $23,111.31 |
| Temporary total disability | 2,500.00 |
| Permanent partial disability | 8,000.00 |
| Dental treatment | 3,685.00 |
| | $37,296.31 |

Appellee requested double this total amount pursuant to SDCL 62–3–11.[1] The trial court refused, finding that under that provision, appellee must prove fault on the part of the employer to justify an award of double damages.

██ Initially, we note appellee is mistaken that all damages, across the board, may be doubled. The statute reads: "[A]nd the measure of benefits shall be that provided by § 62–4–1 [2] *plus* twice the amount of *other* compensation allowable under this title ...." (Emphasis added.) SDCL 62–3–11, then, allows double damages only for other than medical expenses. Thus, appellee is not entitled to double the figures for hospital, medical, and dental expenses.

Further, the trial court erred in assuming that the requirement of alleging and proving fault exists only for an award of double damages. The statute makes no such distinction. (*See*, n. 1, *supra*.) If damages are allowed, then appellee is entitled to double the amount provided for in SDCL 62–3–11.

The trial court determined that appellee must prove fault on the part of his employer based upon *Voet v. Lampert Lumber Co.*, 70 S.D. 142, 15 N.W.2d 579 (1944), which sets forth the proposition that an employee bringing action for personal injuries against a non-insuring or exempting employer must plead and prove the employer's actionable fault.

*Voet,* in turn, relied on the case of *Stevenson v. Douros,* 58 S.D. 268, 235 N.W. 707 (1931), for this authority. A review of *Stevenson* leads to the conclusion that the rule therein is no longer applicable. The worker's compensation law at that time provided that when an employee elected to operate under the law, i.e., bring suit for worker's compensation, against an employer who had elected not to operate under the law, the employer could not raise affirmative defenses. However, if the employee elected not to operate under the law, i.e., brought common law suit against an employer who had elected to operate under the law, in that case, the employer could raise such defenses.

Both of these situations were found to comport with the object and purpose of the worker's compensation laws. In the first situation, the employee was guaranteed some sort of compensation, but the employer was protected by the Worker's Compensation Schedule. In the second example, there was no limit as to possible compensation, but the employer would be availed of affirmative defenses.

The concern of the court in *Stevenson* was with a third type of situation, i.e., an employee who elects not to operate under the law by bringing common law suit against an employer who also elects not to operate under the law.

In order to encourage employers to accept the provisions of the worker's compensation law, it was provided that an employer who failed to provide insurance was placed in the same situation as one who had elected to be exempt from so providing. Thus, such employer was deprived of any affirmative defenses. However, because of the non-election of the employee, unlike the second situation set out above, the employer was not protected by any compensation limitations. For this reason,

---

1. SDCL 62–3–11 provides:

    Any employee, who is employed by an employer who is deemed not to operate under this title in accordance with § 62–5–7, or the dependents of such deceased employee, may elect to proceed against the employer in any action at law to recover damages for personal injury or death; or may elect to proceed against the employer in circuit court under the provisions of this title, as if the employer had elected to operate thereunder by complying with §§ 62–5–1 to 62–5–5, inclusive, and the measure of benefits shall be that provided by § 62–4–1 plus twice the amount of other compensation allowable under this title; provided that such employee or his dependents shall not recover from both actions.

2. SDCL 62–4–1 provides for the payment of medical, hospital, and dental expenses.

*Stevenson* held that an employee in this third situation must prove actionable fault on the part of the employer.

■ Today, an employee is provided the same option of either bringing a suit at common law or proceeding under the provisions of worker's compensation laws.[3] If the employee chooses the former, then the worker's compensation laws should have no effect and both parties should be availed of the rules at common law, i.e., employee must prove fault and employer may raise affirmative defenses. However, if election is made to proceed under the provisions of the Act, the employer is treated as if operating under the Act and recovery is limited by that provided within the Act.

■ Appellee chose, in accordance with SDCL 62–3–11, to proceed under the Act. Therefore, appellants may not raise any affirmative defenses. Appellee need not prove actionable fault and recovery is limited to that provided in SDCL ch. 62. Double damages are part and parcel of the recovery.

This comports with the general purpose of the worker's compensation laws as outlined in our cases. *See Donovan v. Powers*, 86 S.D. 245, 193 N.W.2d 796 (1972). In *Scissons v. City of Rapid City*, 251 N.W.2d 681, 686 (S.D.1977), we expressed:

> Workmen's compensation legislation is based upon the idea that the common law rule of liability for personal injuries incident to the operation of industrial enterprises, based as it is upon the negligence of the employer, with its defenses of contributory negligence, fellow servants' negligence, and assumption of risk, is inapplicable to modern conditions of employment. Under the compensation acts the theory of negligence as the basis of liability is discarded.

> The general purposes of workmen's compensation legislation, therefore, is

the substitution in place of the doubtful contest for a recovery based on proof of the employer's negligence and the absence of the common law defenses of a right for the employees to relief based on the fact of employment, practically automatic and certain, expeditious and independent of proof of fault and for the employers a liability which is limited and determinate. Workmen's Compensation Laws, as contrasted with the common law system, are generally considered and recognized as embodying more advanced ideas with respect to economics and sociology.

### III.

■ Appellants contend that appellee's claim should be barred under the provisions of SDCL 62–4–37,[4] in that the act of falling asleep at the wheel constituted willful misconduct.

The trial court found absolutely no evidence substantiating this contention. That finding is supported by the record.

The trial court is reversed to the extent that appellee need not prove fault on the part of his employer in order to recover double damages. We therefore remand for an award of damages pursuant to and in accordance with SDCL 62–3–11. We affirm the trial court on all other issues.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

---

3.   *See* n. 1, *supra.*

4.   SDCL 62–4–37 provides:
   No compensation shall be ,allowed for any injury or death due to the employee's willful misconduct, including intentional self-inflicted injury, intoxication, or willful failure or refusal to use a safety appliance furnished by the employer, or to perform a duty required by statute. The burden of proof under this section shall be on the defendant employer.