Unified Judicial System

 

 
 George L. Grauel
Claimant and Appellant v.
South Dakota School of Mines and Technology and State of South Dakota
Employer and Appellee [2000 SD 145]
South Dakota Supreme Court
Appeal from the Circuit Court of The Sixth Judicial Circuit
Hughes County, South Dakota
Hon. Steven Zinter, Judge
 
Tina Hogue, Finch Bettmann Maks, P.C., Rapid City, South Dakota
Attorneys for claimant and appellant
 
Timothy M. Engel, May Adam, Gerdes and Thompson, Pierre, South Dakota
Attorneys for employer and appellee school
 
Considered on Briefs September 18, 2000
Opinion Filed 11/21/2000
#21251
 
MILLER,  Chief Justice
 
[Â¶1.] In this appeal, we hold that a workersâ compensation claimant failed to establish that his employment was a major contributing cause of his knee condition.  
FACTS
[Â¶2.] George L. Grauel worked as a custodian for the South Dakota School of Mines & Technology (SDSM&T).  He injured his left knee at work on August 8, 1996.  Grauel testified that he felt his knee âpopâ and experienced immediate pain as he walked to his next duty station after he finished sweeping a floor.  He notified his supervisors of the incident and visited a doctor that day.
[Â¶3.] The initial doctor referred Grauel to Dr. Hollis L. Ahrlin, Jr., an orthopedic surgeon, for examination.  Dr. Ahrlin examined him and found âsomeâ swelling of the left knee.  Although Grauel complained of tenderness and discomfort, Dr. Ahrlin noted that he had almost full range of motion, stable ligaments and the x-rays of his left knee showed no problems.  Dr. Ahrlin stated in his deposition that he suspected a torn cartilage or other internal knee problem at the time.  He prescribed leg exercises and took Grauel off work.  
[Â¶4.] Grauel treated with Dr. Ahrlin several times over the following months and did not return to work during this time.  Ultimately, Dr. Ahrlin decided Grauel needed arthroscopic surgery.  On October 24, 1996, Dr. Ahrlin performed an arthroscopic general joint debridement consisting of removal of loose bodies within the knee, trimming of the medial femoral condyle and releasing a couple of synovial plica.  During the surgery, Dr. Ahrlin noted degenerative changes under the kneecap and the medial femoral condyle.
[Â¶5.] On November 19, 1996, Grauel returned to his custodial duties for the first time since the August 8th incident.  He continued working until early April 1997 and resigned on April 15, 1997.  Grauel testified that he resigned because his custodial duties increased the risk of aggravating his knee injury and caused his knee discomfort.  
[Â¶6.] Grauel requested workersâ compensation benefits from SDSM&T for the August 8th knee injury.  SDSM&T denied his claim.  On February 18, 1999, the Department of Labor held a hearing at which Grauel presented Dr. Ahrlinâs deposition testimony.  SDSM&T presented deposition testimony of Dr. Wayne Anderson who had performed an independent medical evaluation on behalf of SDSM&T.  The administrative law judge awarded benefits concluding that Grauelâs injury arose out of and in the course of his employment and that Grauelâs employment was a major contributing cause of injury to his knee.  SDSM&T appealed to the circuit court, which reversed the Department of Laborâs award of benefits.  Grauel appeals.  We affirm.
[Â¶7.] Our standard of review in workersâ compensation cases is well settled.  We make the same review of the agencyâs decision as the circuit court, and the circuit courtâs decision enjoys no presumption of correctness.  Appeal of Templeton, 403 NW2d 398, 399 (SD 1987) (citations omitted).  We give great weight to the findings and inferences made by the agency on factual questions.  Wagaman v. Sioux Falls Constr., 1998 SD 27, Â¶12, 576 NW2d 237, 240 (citing Sopko v. C&R Transfer Co., Inc., 1998 SD 8, Â¶6, 575 NW2d 225, 228 (citations omitted)).  We apply the clearly erroneous standard to these findings of fact meaning we carefully review the entire record and will reverse only if we are âdefinitely and firmly convinced a mistake has been committed. . . ."  Sopko, 1998 SD 8, Â¶6, 575 NW2d at 228 (citations omitted).  Agency decisions concerning questions of law, however, are âfully reviewable."  Id. (citations omitted).  In addition, "we review findings based on deposition testimony and documentary evidence under a de novo standard of review."  Wagaman, 1998 SD 27, Â¶12, 576 NW2d at 240 (citation omitted).
DECISION
[Â¶8.] South Dakota Workersâ Compensation Law defines what constitutes a compensable injury.  SDCL 62-1-1(7).  The legislature defined âinjuryâ or âpersonal injuryâ in the context of workersâ compensation law as only those injuries arising out of and in the course the workerâs employment and not including any diseases except a disease caused by the injury.  Id.; Steinberg v. South Dakota Depât of Military & Veterans Affairs, 2000 SD 36, Â¶9, 607 NW2d 596, 599.  A 1995 amendment of the statute declared that injuries as defined therein will be compensated only if proven by medical evidence and only if one of three conditions is satisfied.  SDCL 62-1-1(7).  The worker must show: (1) the employment or employment related activities was a major contributing cause of the condition complained of; or (2) where an injury combines with a preexisting disease or condition, the employment or employment related injury is and remains a major contributing cause of the disability, impairment or need for treatment; or (3) where an injury combines with a preexisting work related compensable injury, the subsequent employment or subsequent employment related activities contributed independently to the disability, impairment or need for treatment.  Id.
[Â¶9.] As we noted in Steinberg, the legislatureâs use of condition rather than injury in the amendment is significant.  Steinberg, 2000 SD 36, Â¶10, 607 NW2d at 600.  Injury is the act or omission which causes the loss whereas condition is the loss produced by an injury, the result.  Id.  The addition of this new statutory language did not increase the causal connection a worker must show between his injury and his employment, but it did place a new burden on the worker to show that his employment activities were a major contributing cause of his resulting condition.  Id. Â¶29.  In short, in order to prevail, an employee seeking benefits under our workersâ compensation law must show both: (1) that the injury arose out of and in the course of employment and (2) that the employment or employment related activities were a major contributing cause of the condition of which the employee complained, or, in cases of a preexisting disease or condition, that the employment or employment related injury is and remains a major contributing cause of the disability, impairment, or need for treatment.  SDCL 62-1-1(7)(a)-(b); Steinberg, 2000 SD 36, Â¶29, 607 NW2d 596, 606.
[Â¶10.] 1.           Grauel established that his injury arose out of his 
employment.
 
[Â¶11.] Grauel had the burden to prove by a preponderance of the evidence âall facts essential to compensation.â  Westergren v. Baptist Hosp., 1996 SD 69, Â¶10, 549 NW2d 390, 393 (citations omitted).  Our law requires a claimant to establish that his injury arose out of his employment by showing a causal connection between his employment and the injury sustained.  Brady Memorial Home v. Hantke, 1999 SD 77, Â¶11, 597 NW2d 677, 680 (citing Maroney v. Aman, 1997 SD 73, Â¶9, 565 NW2d 70, 73).  Although a claimant must establish this causal connection, the âemployment need not be the direct or proximate cause of injury. . . .â  Canal Ins. Co. v. Abraham, 1999 SD 90, Â¶12, 598 NW2d 512, 516 (citing Bergren v. S.E. Gustafson Constr. Co., 75 SD 497, 68 NW2d 477 (1955); Anderson v. Hotel Cataract, 70 SD 376, 17 NW2d 913 (1945)).
[Â¶12.] This Court recently rejected the increased risk doctrine as a method of showing an injury arose out of employment.  Steinberg, 2000 SD 36, Â¶27, 607 NW2d at 605.  It is sufficient if the employment contributes âto causing the injury,â Zacher v. Homestake Mining Co., 514 NW2d 394, 395 (SD 1994), or the activity is one in which the employee might reasonably be expected to engage, Rohlck v. J & L Rainbow, Inc., 1996 SD 115, Â¶19, 553 NW2d 521, 527, or the activity brings about the disability upon which compensation is based.  Maroney, 1997 SD 73, Â¶9, 565 NW2d at 73.  A possibility, however, is insufficient; a claimant must show a probability that his employment caused the injury.  Brady Memorial Home, 1999 SD 77, Â¶11, 597 NW2d at 680 (citations omitted).
[Â¶13.] The parties agree Grauel was injured in the course of his employment.  Much of the partiesâ dispute focused on whether Grauel was âtwistingâ or turning when his knee popped or whether he was simply âwalking.â  We believe the dispute is of no consequence.  The question is, did the employment contribute to causing the injury or is the activity one in which the employee might reasonably be expected to engage or did the employment activity bring about the disability on which the compensation is based?
[Â¶14.] Grauel testified, without contradiction, that he was working his regular shift and his knee popped while he was walking to his next duty.  Fulfillment of Grauelâs custodial duties necessarily involved walking, twisting and turning.  Additionally, SDSM&Tâs independent medical examiner, Dr. Anderson, testified that any walking or moving contributes to âwhat happens orthopedically.â  An injury occurring during any of these employment activities would be an activity which contributed to Grauelâs knee injury or in which he would reasonably be expected to engage or which brought about the disability upon which his compensation was based.  Accordingly, Grauelâs knee injury arose out of his employment.  This conclusion is consistent with workersâ compensation purpose of replacing common lawâs doubtful tort based recovery system with a system based on a right to relief upon establishing the fact of employment, âautomatic and certain, expeditious and independent of proof of fault.â  Steinberg, 2000 SD 36, Â¶15, 607 NW2d at 602 (quoting Keil v. Nelson, 355 NW2d 525, 530 (SD 1984)) (alteration in original).  We must always remember that workersâ compensation is the exclusive remedy for all on-the-job injuries, and workersâ compensation statutes should be applied without defeating the purpose of the overall statutory scheme.  Id. Â¶14.  Unfortunately for Grauel, this issue is not decisive of his claim.
[Â¶15.] 2.           Grauel failed to establish that his employment or 
employment related activity was a major contributing 
cause of his condition or his disability, impairment or need for treatment.
 
[Â¶16.] As discussed earlier, the South Dakota Legislature amended SDCL 62-1-1(7) adding the âmajor contributing causeâ language in 1995.  Steinberg, 2000 SD 36, Â¶9, 607 NW2d at 599.  The new language requires an employee to show his employment or employment related activity was a âmajor contributing causeâ of the condition of which he complains or, where an employee has a preexisting disease or condition, the employment or employment related injury is and remains a major contributing cause of the disability, impairment, or need for treatment.  Id. Â¶9.  The statute now reads in pertinent part:
(7) "Injury" or "personal injury," only injury arising out of and in the course of the employment, and does not include a disease in any form except as it results from the injury.  An injury is compensable only if it is established by medical evidence, subject to the following conditions: 
(a) No injury is compensable unless the employment or employment related activities are a major contributing cause of the condition complained of; or 
(b) If the injury combines with a preexisting disease or condition to cause or prolong disability, impairment, or need for treatment, the condition complained of is compensable if the employment or employment related injury is and remains a major contributing cause of the disability, impairment, or need for treatment. 
(c) If the injury combines with a preexisting work related compensable injury, disability, or impairment, the subsequent injury is compensable if the subsequent employment or subsequent employment related activities contributed independently to the disability, impairment, or need for treatment.
 
SDCL 62-1-1(7) (emphasis added).
[Â¶17.] In Steinberg, we corrected the circuit courtâs misinterpretation of the 1995 amendment.  The circuit court in Steinberg interpreted the additional language to mean the legislature had raised the standard by which an employee must show a causal connection.  Steinberg, 2000 SD 36, Â¶8, 607 NW2d at 599.  We did not agree, holding that the legislature âdid not intend to increase the causal connection that is required to prove an injury arose out of the employment, but rather intended to raise the degree of proof required to show the condition complained of by the employee.â  Id. Â¶18 (emphasis added).
[Â¶18.] To determine if Grauel established by a preponderance of medical evidence that his employment was a major contributing cause of his knee condition or his disability, impairment, or need for treatment, we examine the medical testimony.  In this case, that consists solely of the deposition testimony of Dr. Ahrlin and Dr Anderson, which we review de novo.
[Â¶19.] Dr. Ahrlin first saw Grauel on August 9, 1996, one day after the injury, and remained his treating physician throughout the course of the injury and his resulting knee condition.  During his deposition, Dr. Ahrlin continually stated that Grauelâs work-related incident was not just the major contributing cause of Grauelâs knee problem but was the âonlyâ contributing factor to the knee problem.  The difficulty with Dr. Ahrlinâs statement is its basis.  In reviewing Dr. Ahrlinâs deposition, it is clear he assumed that any injury occurring at work is work-related: âI guess whatever his injury or whatever his activity was, whether it was a major or minor, if - - if he was at work and he developed a problem, I guess that it would have to be considered a work-related problem.â  This assumption is incorrect.  The mere occurrence of an injury at work does not mean it is ipso facto work-related.  As discussed above, the employee must establish by a preponderance of the evidence that his injury arose out of and in the course of his employment and that his employment was a major contributing cause of his condition or his disability, impairment, or need for treatment.  Showing the injury occurred at work is just one piece of evidence an employee can utilize in proving his case, but he must prove more than that fact alone to show the required causal connection and that his employment was a major contributing cause of his condition or his disability, impairment, or need for treatment.
[Â¶20.] Additionally, Dr. Ahrlinâs testimony is inconclusive.  First, he firmly stated his opinion that Grauelâs employment activities were a major contributing cause of Grauelâs knee condition only to later abandon that opinion by giving no opinion as to whether Grauelâs knee problems developed over time or instantaneously the day of the work injury.  In order to express his opinion as to major contributing cause, logic would expect Dr. Ahrlin to have an opinion as to whether the injury developed over time or occurred instantaneously the day of the work injury.  Dr. Ahrlinâs failure to state an opinion on this topic places his ultimate opinion concerning major contributing cause in question.  Combining this information with the earlier discussion of Dr. Ahrlinâs faulty assumption about work-related injuries leads this Court to find Dr. Ahrlinâs testimony as to major contributing cause is inconclusive and therefore incapable of sustaining Grauelâs burden of proof on that issue in this case.
[Â¶21.] Although unnecessary given our discussion of Dr. Ahrlinâs deposition, we briefly discuss Dr. Andersonâs deposition.  He performed an independent medical evaluation of Grauel on behalf of SDSM&T on June 8, 1998, almost two years after the injury.  He concluded that Grauelâs employment was not a major contributing cause of his knee condition.  Dr. Anderson opined that Grauel suffered from degenerative arthritis of the knee and that this was the major contributing cause of his knee condition.  Dr. Anderson reasoned that the presence of loose bodies in the knee combined with minor swelling and full range of motion at the time of the accident indicated that the preexisting condition of degenerative arthritis rather than employment activities was the major contributing cause of Grauelâs knee condition.  Although this contradicts the treating physician, Dr. Ahrlin, Dr. Andersonâs opinion is logical and supported in the record. 
[Â¶22.] The Department of Labor and Grauelâs counsel stress the fact that Dr. Anderson did not review all of Grauelâs medical records.  However, as this Court views the record, this point carries little weight.  First, Dr. Anderson was missing only two records â a visit to Dr. Ahrlin on October 21, 1996 and an impairment rating visit to Dr. Ahrlin on May 29, 1998.  Second, SDSM&Tâs counsel presented Dr. Anderson with each of these records during his deposition, and he stated that the information contained in those two records did not change his opinion.
[Â¶23.] Grauelâs counsel contends that Dr. Ahrlinâs testimony should be accepted as satisfying Grauelâs burden of proof, but as discussed above, we disagree.  Dr. Ahrlinâs testimony is inconclusive and simply does not sustain Grauelâs burden to prove by a preponderance of the evidence that his employment was a major contributing cause of his knee condition.  Additionally, when reviewing the two depositions together, Dr. Andersonâs testimony is based on logical reasoning supported by evidence in the record.  Although we did find Grauelâs injury arose out of his employment, he needed to also establish that his employment was a major contributing cause of his knee condition.  This he failed to do.
[Â¶24.] Affirmed.
[Â¶25.] SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.