2002 SD 141

**Gala BYRUM, Claimant, Employee and Appellant,**

v.

**DAKOTA WELLNESS FOUNDATION, Employer and Appellee,**

and

**State Farm Insurance Company, Insurer and Appellee.**

**No. 22241.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 26, 2002.

Decided Nov. 20, 2002.

Michael S. McKnight and Tamara A. Wilka of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, South Dakota, Attorneys for employee and appellant.

J.G. Shultz of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota, Attorneys for appellees.

CALDWELL, Circuit Judge.

[¶ 1.] Gala Byrum (Byrum) filed a petition for workers' compensation benefits with the South Dakota Department of Labor (Department) seeking an award of permanent partial disability. After a hearing, Byrum's relief was granted. Byrum's employer, Dakota Wellness Foundation, and employer's insurer, State Farm Insurance Company, appealed and the circuit court reversed the Department's Order. Byrum appeals the circuit court's reversal. We affirm.

## FACTS

[¶ 2.] For the past fourteen years Byrum has suffered from chronic back pain. In 1988 she was involved in an automobile accident in California which caused her first back injury. In 1994 Byrum sus-

tained injuries to her back after being thrown from, and subsequently hit by, a ski lift chair she was riding. She received substantial medical treatment for this injury. Byrum's medical records during this period of time suggest she suffered pain in both her low and high back and she also began experiencing neck pain.

[¶ 3.] In 1994 Byrum took a position as the Executive Director of the Dakota Wellness Foundation. As part of her job duties Byrum is required to travel extensively in promoting wellness across the state of South Dakota. She typically drives 50,000–60,000 work-related miles a year. In September 1996 Byrum experienced pain and tightness in her lower back while traveling for Dakota Wellness. Byrum filed a first report of injury which her insurer accepted as compensable.* Prior to this third injury Byrum had already accumulated over thirty chiropractic visits to treat her back.

[¶ 4.] After sustaining this third back injury Byrum sought treatment from Dr. Fogel of Gregory, South Dakota. Byrum stated she was still experiencing back pain from the ski accident when she began treating for the 1996 injury. Like her previous injuries, Byrum testified the pain from this new injury was in the same region of the back.

[¶ 5.] Byrum remained under the care of Dr. Fogel until August 1997. At this time, Dr. Fogel released Byrum after concluding she had reached maximum medical improvement. Thereafter, Byrum's insurer determined the physician directed course of treatment had been followed, and that closing her workers' compensation file was appropriate. Nonetheless, Byrum continued to experience low back pain af-

---

* Although the record reflects that Byrum experienced more than one distinct onset of back injury, Byrum only filed a first report of injury form for her 1996 injury.

ter her treatment with Dr. Fogel terminated.

[¶ 6.] In September 1997 a fourth separate and distinct back injury occurred when Byrum experienced what she describes as the onset of sciatic nerve pain. This new pain was accompanied by low back pain, pain in her leg, high back and neck pain. Byrum sought surgical treatment from Dr. Suga in Sioux Falls. In January 1998 Byrum underwent surgery that relieved some, but not all, symptoms of her back pain. She remained under Dr. Suga's care until June 1998. Byrum continued performing her duties for Dakota Wellness during this time.

[¶ 7.] After being released from Dr. Suga's care Byrum next sought treatment with Dr. Cho, a physiatrist in Sioux Falls. During this time, Byrum acknowledged she was symptomatic for the same lower back complaints that had lingered for several years and also experienced a renewal of pain in her neck, upper back and head. Byrum's response to treatment was minimal. In June 1999 Dr. Cho determined Byrum had reached maximum medical improvement. Still, Byrum's pain persisted.

[¶ 8.] Claiming that her back pain was derivative of her 1996 occupational injury, Byrum again sought workers' compensation. A hearing with the Department was held. Relying primarily on the deposition testimony of Dr. Cho, the Department determined Byrum's suffering was a result of her 1996 accident and awarded her permanent partial disability. Dakota Wellness and State Farm Insurance appealed this decision. On appeal the circuit court overturned the agency's ruling, finding an independent medical evaluation conducted on behalf of Dakota Wellness and State Farm concluding Byrum's pain was not the result of routine traveling was more persuasive. Byrum appeals the circuit court's reversal and raises the following issues:

Whether the trial court applied the proper standard of review to the Department's findings of fact.

Whether the trial court erred when it analyzed claimant's injury under SDCL 62-1-1(7)(b).

## STANDARD OF REVIEW

[¶ 9.] The standard of review in an administrative appeal is governed by SDCL 1-26-36. All actions regarding an agency's conclusions of law are fully reviewable de novo, while questions of fact are reviewed by this Court under the clearly erroneous standard. *Belhassen v. John Morrell & Co.*, 2000 SD 82, 613 N.W.2d 531; *Katz v. South Dakota State Bd. of Medical & Osteopathic Examiners.*, 432 N.W.2d 274 (S.D.1988). This Court gives deference and great weight to the agency or hearing officer on fact questions. *Goebel v. Warner Transp.*, 2000 SD 79, ¶10, 612 N.W.2d 18, 21; *Kurtz v. SCI*, 1998 SD 37, ¶9, 576 N.W.2d 878, 882; *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶6, 575 N.W.2d 225, 228. When factual determinations are made on the basis of documentary evidence, however, the matter is to be reviewed de novo, unhampered by the clearly erroneous rule. *Watertown Coop. Elevator Assn. v. State Dept. of Rev.*, 2001 SD 56, ¶10, 627 N.W.2d 167, 171; *Kurtz*, 1998 SD 37, ¶10, 576 N.W.2d at 882. To overturn factual determinations made by an administrative agency there must be a definitive and firm conviction that a mistake was made. *Goebel*, 2000 SD 79, ¶10, 612 N.W.2d at 21; *Kurtz*, 1998 SD 37, ¶9, 576 N.W.2d at 882; *Sopko*, 1998 SD 8, ¶6, 575 N.W.2d at 228.

## ANALYSIS AND DECISION

### ISSUE ONE

[¶ 10.] **Whether the trial court applied the proper standard of review to the Department's findings of fact.**

[¶ 11.] Byrum argues the circuit court erred when it reviewed the deposition testimony presented at the agency hearing under the de novo standard. Until this court's recent opinion in *Brown v. Douglas School District*, 2002 SD 92, 650 N.W.2d 264, the standard of review for deposition testimony in administrative appeals was unclear based on recent amendments to SDCL 15–6–52(a). *See e.g., Webster Educ. Ass'n v. Webster Sch. Dist.*, 2001 SD 94, ¶ 16, 631 N.W.2d 202, 206 (Konenkamp, J., concurring) ("[B]ut whether we apply the standard of review from SDCL 15–6–52(a) to agency fact findings on disputed or undisputed facts must be left for another day."). However, in *Brown*, this Court made clear SDCL 15–6–52(a) does not apply to a trial court's review of an agency decision. *See Brown*, 2002 SD 92, ¶¶ 15–17, 650 N.W.2d at 267. Unlike all other findings of fact made by an administrative agency, findings based on deposition testimony in an agency appeal are reviewed de novo; the clearly erroneous exception found in SDCL 15–6–52(a) does not apply. *Id.* As such, SDCL 1–26–37 sets forth the standard to be applied in an administrative appeal, with no deference to the recent amendments to 15–6–52(a). *Id.* ¶ 17.

[¶ 12.] The circuit court correctly applied the de novo standard to findings of fact based on deposition testimony.

### ISSUE TWO

[¶ 13.] **Whether the trial court erred when it analyzed claimant's injury under SDCL 62–1–1(7)(b).**

[¶ 14.] Byrum argues the circuit court applied the wrong workers' compensation statute in reversing the administrative agency's decision. Specifically, Byrum claims SDCL 62–1–1(7)(c) should be applied rather than SDCL 62–1–1(7)(b) when defining "injury" under the workers' compensation statutes. SDCL 62–1–1(7) first requires an injury be established by medical evidence, and:

a. No injury is compensable unless the employment or employment related activities are a major contributing cause of the condition complained of; or

b. If the injury combines with a preexisting disease or condition to cause or prolong disability, impairment, or need for treatment, the condition complained of is compensable if the employment or employment related injury is and remains a major contributing cause of the disability, impairment, or need for treatment.

c. If the injury combines with a preexisting work related compensable injury, disability, or impairment, the subsequent injury is compensable if the subsequent employment or subsequent employment related activities contributed independently to the disability, impairment, or need for treatment.

SDCL 62–1–1(7).

[¶ 15.] While both subsection (b) and subsection (c) deal with preexisting injuries, the distinction turns on what factors set the preexisting injury into motion; if a preexisting condition is the result of an occupational injury then subsection (c) controls, if the preexisting condition developed outside of the occupational setting then subsection (b) controls. *Grauel v. South Dakota School of Mines*, 2000 SD 145, ¶ 8, 16–17, 619 N.W.2d 260, 262–265. Byrum contends subsection (c) controls and argues the back pain she suffered beginning in 1998 and continuing thereafter, was an exclusive aggravation of her occupational injury from September 1996, the ostensible consequence of repetitive automobile travel. Under subsection (c), Byrum need

only prove her occupational duties independently contributed to her resulting pain, while under subsection (b) Byrum would have the more onerous task of showing her occupational duties were a major contributing cause to her impairment or need for treatment. *Steinberg v. South Dakota Dep't of Military & Veterans Affairs*, 2000 SD 36, ¶ 9, 607 N.W.2d 596, 599–600. While Byrum argues the language in subsection (c) most appropriately fits her situation, this argument fails upon review of the record.

[¶ 16.] Byrum relies on the deposition of Dr. Cho offered at her administrative hearing to establish her injuries are the sole product of her vocation. In regard to such testimony it is well settled that a physician's opinion can rise no further than the foundation upon which it is predicated. *Schneider v. S.D. Dep't of Transp.*, 2001 SD 70, ¶ 16, 628 N.W.2d 725, 730. Further, an award cannot rest upon speculative medical evidence. *Brady Memorial Home v. Hantke*, 1999 SD 77, ¶ 16, 597 N.W.2d 677, 681. Applying law to fact, the opinion of Dr. Cho must be precise and well supported to bolster Byrum's position. The circuit court found it was not.

[¶ 17.] Dr. Cho's testimony rests on sweeping conclusions without the benefit of Byrum's previous medical records, which document some thirty chiropractic visits for back pain between 1994 and 1995. Further, during Byrum's chiropractic visits after her ski lift accident in 1994 she complained of high back and neck problems. Yet, Dr. Cho opines these similar back and neck symptoms are the sole product of Byrum's 1996 injury. Clearly, Dr. Cho did not have all the facts regarding Byrum's history of back problems when she formed her opinion. If the value of an expert's opinion is no better than the facts upon which such conclusions are based, Dr. Cho's opinion proves nothing. *Johnson v. Albertson's*, 2000 SD 47, ¶ 25, 610 N.W.2d 449, 455 (quoting *Podio v. American Colloid Co.*, 83 S.D. 528, 162 N.W.2d 385, 387 (1968)).

[¶ 18.] This Court has held "the mere occurrence of an injury at work does not mean it is ipso facto work-related," preexisting processes may undermine the influence of a work-related injury. *Grauel*, 2000 SD 145, ¶ 19, 619 N.W.2d at 265. Further, the employee must establish by a preponderance of the evidence that the injury "arose out of the course of [her] employment and that [her] employment was a major contributing cause of [her] condition or [her] disability, impairment or need for treatment." *Id. Grauel*, like this situation, involved a preexisting condition and a work related injury. In *Grauel*, we held even though an employee's occupational duties provided the ultimate catalyst for his injury, it was his preexisting arthritis that was the major contributing cause to his injury, not his occupational activities, therefore no recovery was permitted. *Id.* ¶ 23.

[¶ 19.] During the course of her treatment with Dr. Suga in early 1998, Dr. Suga opined that Byrum's sciatic nerve pain condition was probably not the result of perpetual driving. In an independent medical evaluation conducted on behalf of Dakota Wellness and State Farm, Dr. Farnham agreed. Further, Dr. Suga testified during his deposition that the disc degeneration Byrum was experiencing was not typical of any particular activity such as driving. Still, Byrum cites to Dr. Suga's deposition to suggest repetitive driving somehow exacerbated her 1996 injuries. Without the benefit of Byrum's prior accident history Dr. Cho concluded Byrum's pain was the result of repetitive driving.

[¶ 20.] Unlike *Grauel*, there is no clear indication from the record that Byrum's occupational duties served as the catalyst for her back pain. Instead, Byrum's history is rich with incidents of back pain. Given Byrum's complex history of back pain all indications suggest repetitive occupational driving is not to blame.

[¶ 21.] The circuit court determined SDCL 62–1–1(7)(b) applied, concluding Byrum suffered from a preexisting back injury prior to her 1996 complaint. The facts support such a conclusion. Under the statutory language in 62–1–1(7)(b), Byrum must show her job related pain is a major contributing factor to her current condition. The circuit court examined Dr. Cho and Dr. Farnham's deposition testimony under the appropriate standard and held that repetitive driving was not a major contributing factor to her current condition.

[¶ 22.] The circuit court's conclusions based on the application of 62–1–1(7)(b) are affirmed.

[¶ 23.] GILBERTSON, Chief Justice, KONENKAMP, Justice, AMUNDSON, Retired Justice, and ROEHR, Circuit Judge, concur.

[¶ 24.] CALDWELL, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 25.] ROEHR, Circuit Judge, for ZINTER, Justice, disqualified.