#27294-a-DG
**2015 S.D. 75**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DONALD HOFER,                                              Plaintiff and Appellant,

v.

REDSTONE FEEDERS, LLC,                          Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
KINGSBURY COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE TIM D. TUCKER
Retired Judge

\* \* \* \*

DAVID J. KING of
Alvine & King, LLP
Sioux Falls, South Dakota                         Attorneys for plaintiff and
                                                                    appellant.


MICHAEL J. SCHAFFER
PAUL H. LINDE of
Schaffer Law Office, Prof., LLC
Sioux Falls, South Dakota                         Attorneys for defendant and
                                                                    appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 31, 2015
OPINION FILED **09/30/15**

#27294

GILBERTSON, Chief Justice

[¶1.]        Donny Hofer (Hofer) filed a workers' compensation action against
Redstone Feeders, L.L.C. (Redstone).  The parties exchanged discovery and
Redstone filed a motion for summary judgment.  Finding no disputes of material
fact, the circuit court granted the motion.  The circuit court held that Hofer was a
farm or agricultural laborer under SDCL 62-3-15(2), and thus exempt from workers'
compensation.  Hofer appeals the grant of the motion for summary judgment.  We
affirm.

## Background

[¶2.]        Appellant Donny Hofer was born January 17, 1956.  He was raised 12
miles north of Howard, South Dakota, and his formal education ended after eighth
grade.  Hofer worked as a truck driver for many years, and obtained his commercial
driver's license (CDL) in 2002.

[¶3.]        Redstone is a family owned farming business that raises, fattens, and
sells its own cattle.  It is a member-managed L.L.C. whose members are brothers
Bill Wilkinson, Todd Wilkinson, and Ed Wilkinson.  Their mother Bette Wilkinson
is also a member, but does not take part in any significant management of the
company.  Redstone did not carry workers' compensation insurance, which it did not
deem necessary due to its private ownership and the agricultural nature of its
company.

[¶4.]        In March of 2007, Hofer began working for Redstone, after he
answered an advertisement in the paper seeking a truck driver.  While he was
employed at Redstone, Hofer spent about 90% of his time driving a truck.  He would

mostly haul cattle from the feedlot to various places for sale, but would also pick up cattle feed and haul it back to Redstone's feedlot. Hofer spent a great deal of time hauling cattle, as he regularly drove to Montana, North Dakota, Minnesota, Iowa, Wyoming, and Nebraska. While he was driving a truck, Hofer kept daily logs in compliance with Federal Department of Transportation requirements for interstate truckers.

[¶5.] On December 17, 2012, Redstone instructed Hofer to pick up feed and haul it back to Redstone. After he had deposited the feed, Hofer was instructed to take silage to another of Redstone's yards. First, however, he had to weigh his truck to determine the volume of the silage he was hauling. When he got out of his truck and stepped onto the scale, he slipped on a patch of ice. Hofer attempted to use his right arm to brace his fall, and injured his right shoulder in the fall. Hofer immediately informed Redstone's Feedlot Manager, Scott Dejong, of the accident. As a result of the injury, the Social Security Administration has determined that Hofer is permanently and totally disabled for the purposes of Social Security disability insurance benefits.

[¶6.] Due to his injuries and Redstone's lack of workers' compensation coverage, Hofer sued to recover for his disability. After exchanging discovery and after each party took depositions, Redstone made a motion for summary judgment. Hofer argued that Redstone was in violation of South Dakota workers' compensation law by failing to provide workers' compensation insurance for its employees. Redstone argued that it was exempt from the requirement to purchase

workers' compensation insurance under SDCL 62-3-15, which exempts "farm or agricultural laborers" from coverage under the Title.

[¶7.]    Hofer argued that our case, *Keil v. Nelson*, 355 N.W.2d 525 (S.D. 1984) controlled. In *Keil*, an employee that spent most of his time driving a truck for a sheep farming enterprise was held not to be a farm laborer and thus not exempt from workmen's compensation coverage. *Keil*, 355 N.W.2d at 528. The sheep farming enterprise also operated a small, trucking company that was legally separate from the farm. *Id.* We held that because the truck driver spent most of his time working for the trucking company and because most of his work was not agricultural in nature, he was not an exempt employee under SDCL 62-3-15.

[¶8.]    Redstone argued that *Keil* was inapplicable, as its case involves only one entity (Redstone) that employs the employee, and Redstone performs exclusively agricultural functions. The circuit court agreed with Redstone, holding that Hofer was an exempt farm or agricultural laborer. Due to this determination, the circuit court found no issues of material fact and granted Redstone's motion for summary judgment. Hofer appeals.

[¶9.]    Hofer raises two issues:

1.    Whether the circuit court properly made the factual determination that Hofer was an exempt agricultural laborer under SDCL 62-3-15.

2.    Whether there were any genuine issues of material fact regarding Hofer's employment status in the context of South Dakota workers' compensation law.

**Standard of Review**

[¶10.]     Our standard of review on a grant or denial of summary judgment is well settled.  Summary judgment is proper where, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  SDCL 15-6-56(c).  We will affirm only when no genuine issues of material fact exist and the law was applied correctly.  *Luther v. City of Winner*, 2004 S.D. 1, ¶ 6, 674 N.W.2d 339, 343.  We make all reasonable inferences drawn from the facts in the light most favorable to the non-moving party.  *Paradigm Hotel Mortg. Fund v. Sioux Falls Hotel Co., Inc.*, 511 N.W.2d 567, 569 (S.D. 1994).  In addition, the moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law.  *Muhlbauer v. Estate of Olson*, 2011 S.D. 42, ¶ 7, 801 N.W.2d 446, 448.

[¶11.]     We do not give any deference to the the circuit court's conclusions of law.  *Schafer v. Shopko Stores, Inc.*, 2007 S.D. 116, ¶ 5, 741 N.W.2d 758, 760 (citing *King v. Landguth*, 2007 S.D. 2, ¶ 8, 726 N.W.2d 603, 607).  Statutory interpretation is a question of law and is reviewed *de novo*.  *Buchholz v. Storsve*, 2007 S.D. 101, ¶ 7, 740 N.W.2d 107, 110

**Decision**

[¶12.]     *1.     Whether the circuit court properly made the factual
           determination that Hofer was an exempt agricultural
           laborer under SDCL 62-3-15.*

[¶13.] Hofer argues that the circuit court erred in determining that he was a farm laborer. In South Dakota, agricultural or farm laborers are exempted from workers' compensation protection by SDCL 62-3-15(2). Thus, employers of farm laborers need not comply with the requirement of obtaining workers' compensation insurance under Chapter 5 of the workers' compensation title. The circuit court determined that Hofer was an agricultural laborer, and thus Redstone was not required to obtain insurance as he was not a covered employee under the title. We agree.

[¶14.] The circuit court and the parties in their briefs spend a substantial amount of time discussing the applicability of our decision in *Keil v. Nelson*. Hofer argues that it controls, as it held that the truck driver in that case was not an exempt employee under SDCL 62-3-15. Redstone argues that it does not control because the employee in *Keil* was employed by two legally separate entities, and spent more time working for the trucking company than the agricultural operation. Redstone argues that because it was Hofer's only employer, and it engages only in agricultural work, Hofer must be an exempt employee.

[¶15.] We begin our analysis by interpreting the statute itself. The first rule in statutory interpretation is that the language of the statute is the paramount consideration. *State v. Moss*, 2008 S.D. 64, ¶ 15, 754 N.W.2d 626, 631 (quoting *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681). When interpreting statutes, South Dakota courts are to define words according to their ordinary meaning unless the Code provides otherwise. SDCL 2-14-1. If a word or phrase has a plain meaning, a court should simply declare the meaning and not resort to any

other canons of statutory construction. *Progressive Halcyon Ins. Co. v. Phillipi*, 2008 S.D. 69, ¶ 5, 754 N.W.2d 646, 649. We give a statute's language a practical and natural meaning to effect its purpose. *First Gold, Inc. v. S.D. Dep't of Revenue & Regulation*, 2014 S.D. 91, ¶ 6, 857 N.W.2d 601, 604 (quoting *Robinson & Muenster Assocs. v. S.D. Dep't of Revenue*, 1999 S.D. 132, ¶ 7, 601 N.W.2d 610, 612).

[¶16.]     The contested definition in this case is the phrase "farm or agricultural laborer." SDCL 62-3-15(2). The exact phrase is not defined in Title 62 or anywhere in the code.∗ Through their discussions of *Keil,* the parties disagree over the meaning of the phrase as a whole, without any substantive discussion of the individual words themselves. This emphasis is necessary to give the statute a natural meaning.

[¶17.]     Black's Law Dictionary defines a "laborer" as "[s]omeone who makes a living by physical labor." *Black's Law Dictionary* 1005 (10th ed. 2014). Black's defines "agriculture" as "The science or art of cultivating soil, harvesting crops, and raising livestock." *Black's Law Dictionary* 83 (10th ed. 2014). When looking at

---

∗     We are aware that the phrase "agricultural labor" is defined in the code at SDCL 61-1-18: "[A]gricultural labor, includes all services performed . . . or *delivering to storage or to market or to a carrier for transportation to market,* in its unmanufactured state, any agricultural or horticultural commodities . . ." (emphasis added). The statute does not address who is an agricultural laborer. SDCL 2-14-4 allows for definitions in one area of the code to be used for occurrences of the word in other areas, unless a contrary intention plainly appears. However, this case is concerned with who is an agricultural laborer, not what is agricultural labor. The terms are not the same in each statute. While this definition does supplement our holding today, we do not find that it is dispositive of the issue. *See Mauch v. S.D. Dep't of Revenue & Regulation*, 2007 S.D. 90, ¶ 13, 738 N.W.2d 537, 541 ("Therefore, because the phrase in the tax statutes is not the same as the phrase used in the regulatory statutes, the general rule of incorporation under SDCL 2-14-4 is inapplicable.").

these terms in conjunction with one another while giving the words their ordinary meaning, we conclude a "farm or agricultural laborer" to be someone who engages in physical labor for a farm or agricultural operation.

[¶18.]    This definition is two-fold.  It focuses not just on the tasks done by the employee, but also incorporates the nature of the employer's operation as well.  An accurate determination of whether an employee is an agricultural laborer can only occur if both aspects of the definition are applied.

[¶19.]    With this definition in mind, we now turn to a discussion of *Keil*. When determining whether the employee was covered in *Keil*, we cited several cases from other jurisdictions.  *See generally Keil*, 355 N.W.2d at 527 (citing cases from several other jurisdictions supporting its conclusion that the employee was not exempt).  These cases emphasized that a court must examine the employee's duties when determining whether he is an agricultural laborer.  We also however, considered the nature of the employer's business when determining the applicability of the exemption.  *Id.* at 528 (holding that "it is the nature of the "secondary, separate enterprise" that determines the applicability of workers' compensation statutes) (quoting *Goodson v. L.W. Hult Produce Co.*, 543 P.2d 167 (Id. 1975)).

[¶20.]    We must look to the entire character of the claimant's employment, which inherently must include examination of the employer's business.  We recognize that we stated in *Keil* that "coverage of an employee under the Act is dependent upon the character of the work he is hired to perform and not upon the nature and scope of his employer's business."  *Id.* at 527.  This language simply

means that the nature of the employer's business is not dispositive regarding coverage, not that the employer's business is entirely irrelevant to coverage. We think it impossible to examine the overall nature of the employee's work without any regard to the employer's business. The work done by the employee is dependent upon the business of the employer, thus examination of the overall nature of the employee's work requires looking at the nature of the employer's business. The totality of these circumstances must be considered when determining whether a person is an agricultural laborer.

[¶21.] The circuit court held that *Keil* is distinguishable from the case before us. We agree. In *Keil*, we found that coverage existed because the employer was legally two separate entities, an agricultural entity and a small trucking operation. *Id.* at 525. This legal separation was dispositive in *Keil*, but there is no such separation in the case before us. Here, Hofer was employed exclusively by Redstone, and given its cattle business, Redstone is exclusively agricultural. Additionally, while Hofer emphasizes that an overwhelming majority of his employment was trucking, the trucking itself was agricultural in nature. He hauled exclusively agricultural commodities—cattle and feed—for an exclusively agricultural employer. This differs from the facts in *Keil*, as the employee in that case also performed commercial trucking for other organizations on behalf of his employer. Hofer drove a truck exclusively for Redstone. When looking at all of the facets of his employment and the nature of his employer's business, it is clear that Hofer was an agricultural laborer.

[¶22.]     We acknowledge that we stated in *Keil* that questionable cases of whether an employee is exempt as an agricultural laborer would be resolved against exclusion from coverage. *Id.* at 528; *see also S.D. Med. Serv. v. Minn. Mut. Fire & Cas. Co.*, 303 N.W.2d 358, 361 (S.D. 1981) (holding that workers' compensation laws must be liberally construed in workers' favor). However, when looking at the entire nature of Hofer's employment, which includes the fact that his employer was exclusively agricultural, we do not believe this case falls into *Keil's* definition of a questionable category. Hofer hauled exclusively agricultural products for an exclusively agricultural employer. It is unquestionable that he is an agricultural laborer as we have defined the term under the statute.

[¶23.]     Hofer correctly argues that our language in *Keil* emphasized examination of the employee's work. Hofer also argues that the effect of *Keil* is that we should disregard the nature of the employer's business. We believe this interpretation would lead to future analytical problems for South Dakota courts attempting to classify employees. An employee cannot "dart in and out of coverage with every momentary change in activity." *Keil*, 355 N.W.2d at 527-28 (S.D. 1984) (quoting *Hawthorne v. Hawthorne*, 167 N.W.2d 564, 567 (Neb. 1969)). Examining the nature of the employer's business as well as the work done by the employee helps prevent this problem by providing a more accurate picture of the employee's work. The tasks the employee performs may change from day to day, making it difficult to characterize the entire nature of their employment just from their work at a given point in time. However, if the nature of the employer's business is

incorporated into the analysis, the nature of the employee's work is easier to determine.

[¶24.]    Hofer raises policy concerns regarding applicability of the exemption when the employer is a large operation. We note that our analysis does not take into account the relative size of the agricultural operation at all. Hofer argues that the legislature only intended the exemption to apply to small, family farms. However, the language of the statute mentions nothing of the size of the employer. We are not permitted to judicially add a limitation to the exemption that the legislature has not enacted. Any policy considerations the legislature considered when it enacted the exemption are outside of our analysis of the statute's language. Thus, the size of the employer does not matter. The controlling consideration is the overall nature of the employee's work, which necessarily includes inquiry into the nature of the employer's business.

[¶25.]    Hofer also raises concerns about economically downstream employers arguing for exemption from workers' compensation. Under the definition we have set forth, this will not occur. An industrial meat processor will not be able to avoid coverage for its workers simply because agriculture is integral to its operation. The importance of agriculture to the employer's operations is not dispositive. Rather, the important factors are the nature of the employee's work and the nature of the employer's operations. This test would prevent an employer from arguing that its assembly line workers ought to be exempt from coverage simply because agriculture is integral to its business. Its business itself is not agricultural, and that is what is relevant

to our analysis. Here, when looking at the entire nature of his employment as well as the overall nature of his employer's business, it is clear that Hofer was an agricultural laborer under the statute and thus exempt from workers' compensation coverage.

[¶26.]      *2.      Whether there were any genuine issues of material fact regarding Hofer's employment status in the context of South Dakota workers' compensation law.*

[¶27.]      Hofer argues that the circuit court overlooked a dispute of material fact by making a determination as a matter of law that Hofer fell within the definition of "farm or agricultural laborer" under SDCL 62-3-15(2). We did hold in *Keil* that whether an employee is an agricultural laborer is a question of fact. *Keil*, 355 N.W.2d at 528 ("Ultimately, then, the issue becomes a question of fact. Was appellee hired primarily as a trucker or as a farm laborer?").

[¶28.]      There is no basis, however, for reversing a summary judgment if there are no disputes regarding the facts. Whether an employee is an agricultural laborer may be a fact question, but the facts that determine his status are not in dispute in this case. Here, the nature of these facts is not in dispute, just how the law applies to them. The record is clear that Hofer worked exclusively for Redstone, hauled nothing other than agricultural products, and that Redstone is entirely an agricultural operation. These dispositive facts are not in dispute. Even when looking at the facts in a manner most favorable to Hofer, it is clear that he was an agricultural laborer under the code and thus exempt from workers' compensation coverage.

### *Conclusion*

[¶29.]    We hold that the applicable test for determining an employee's status as an agricultural laborer under SDCL 62-3-15 is examining the entire nature of the employee's work, which necessarily involves looking at the nature of the employer's business.  In this case, Hofer's employment was agricultural in nature and performed for an exclusively agricultural employer.  Accordingly, we affirm the circuit court's grant of Redstone's motion for summary judgment.

[¶30.]    ZINTER, SEVERSON, WILBUR, and KERN, Justices, concur.